HOWARD DON THORNTON *v.* STATE OF INDIANA.

[No. 677S423. Filed June 1, 1978.]

*Larry R. Champion,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Dennis K. McKinney,* Deputy Attorney General, for appellee.

DEBRULER, J.—Appellant was tried by jury and found guilty of kidnapping, Ind. Code § 35-1-55-1, and commission of a felony (rape) while armed, Ind. Code § 35-12-1-1, both repealed October 1, 1977. For these offenses he was sentenced to life imprisonment and thirty years respectively. Thornton contends that the trial court committed error in that it (1) erroneously permitted the State to introduce evidence that appellant had raped another woman prior to the date of the charged offenses, and (2) erroneously admitted a knife, State's Exhibit No. 14, in the absence of a necessary foundation showing its chain of custody.

The evidence reveals that Thornton and the prosecutrix both worked at the Avis agency at the airport. He cleaned and serviced cars for rental and she worked at the counter. They were acquainted as co-workers. The counter area and car storage area were separated by some distance, and when people working at the counter went off duty, appellant on request would drive their cars up to the counter for them. At about midnight on June 29, 1976, Thornton brought the alleged victim her car in this manner and upon his request was driven by her back to the storage area. En route, according to her further testimony, he drew a knife and forced her to drive around the westside of Indianapolis threatening to kill her during the course of the drive. He took her to a wooded

area where he forced her to submit to sexual intercourse. The entire episode lasted for several hours.

Appellant in his defense testified that there was no intercourse and no force, and that the prosecutrix was voluntarily driving him around looking for one of his friends who owed him money.

I.

The prosecution, as part of its case-in-chief, brought on the witness, MJ, another female employee of Avis, who was permitted to testify that two weeks prior to the date which the charged offense is alleged to have occurred, appellant under quite similar circumstances had raped her at knifepoint at the airport. This testimony was properly objected to; on appeal Thornton contends that it was erroneously admitted as it was evidence of a separate offense not charged, and it served no purpose other than to prejudice the jury against him. The rule relied upon was stated by this Court in its simplest form in the case of *Dunn* v. *State*, (1904) 162 Ind. 174, 70 N.E. 521:

> "[T]he law will not permit the State to depart from the issue, and introduce evidence of other extraneous offenses or misconduct that have no natural connection with the pending charge, and which are calculated to prejudice the accused in his defense." 162 Ind. at 182, 70 N.E. at 523.

More recently in applying this general rule in *Maldonado* v. *State*, (1976) 265 Ind. 492, 355 N.E.2d 843, we again recognized that the rule does not render evidence otherwise competent and relevant and which tends to prove or disprove a fact in issue inadmissbile, even though it may show guilt of another crime. Based upon the recognition that evidence of other offenses committed by the accused can seriously prejudice the fairness of the trial of the crime charged, and require the accused to defend against a charge not made, the rule was fashioned to require such evidence to be logically relevant to an issue in serious dispute at the trial.

It appears from the testimony of the prosecutrix that

Thornton, while they were still in the wooded area in the immediate aftermath of the alleged sexual assault, declared that MJ had come to that place willingly with him and that nothing was wrong and there was nothing to worry about. This statement, attributed to Thornton, has a quality and tenor which one would reasonably expect to find in a statement made following an act of sexual intercourse and by such import inferentially tended to establish that sexual intercourse took place between the prosecutrix and Thornton on the occasion of its making. Carnal knowledge was a vital issue at the trial. This statement, by import would also have informed the victim of the charged offense that a sexual encounter had previously occurred between Thornton and MJ. After the assault by Thornton upon the prosecutrix and after she had been released by him, she contacted MJ and asked her if she had been sexually assaulted and MJ replied ambiguously that she did not want to talk about it. Shortly after this event MJ made a full statement describing the assault by Thornton, and this was the very first time that MJ had revealed to anyone that she had been sexually assaulted. From the evidence presented the trier of fact would have been warranted in inferring that the victim of the crime charged could not have known of the sexual encounter between Thornton and MJ, prior to her inquiry of MJ, if Thornton had not informed her of its existence. We, therefore, find that the testimony of MJ that she had been sexually assaulted by Thornton two weeks prior to the date of the crime charged and that she had not revealed that fact to anyone until after she was contacted by the prosecutrix was logically relevant to establish that the charged and disputed act of sexual intercourse had occurred, in that it corroborated the testimony of the prosecutrix of the charged crime regarding the incriminating statements attributed to Thornton.

## II.

Appellant next contends that the trial court committed error in admitting State's Exhibit 14, over his objection that

the State had failed to establish a complete chain of possession of it. The knife was found by Officer Murray and another in a search of some roadside brush at the point which Thornton and the victim emerged from the woods. Officer Murray testified that it was in his possession from the time it was found until trial. Appellant contends that the knife was in an open area accessible to the public and could have been tampered with. The State is under an obligation to show a chain of custody only from the point in time when the police obtain custody of the challenged item. *Zupp* v. *State,* (1972) 258 Ind. 625, 283 N.E.2d 540. That requirement was satisfied here by the testimony of Officer Murray.

Appellant also argues that the knife was not relevant as it was not positively identified by the prosecutrix. We do not agree. The prosecutrix testified that the knife had been thrown away by Thornton at the point where they had emerged from the woods and the knife was in fact found in that vicinity. The knife was, therefore, relevant as corroboration of her testimony about it.

The convictions are therefore affirmed.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 376 N.E.2d 492.