EDDIE FEYERCHAK *v.* STATE OF INDIANA

[No. 677S424. Filed December 27, 1978.]

George T. Popcheff, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Jack R. O'Neill, Deputy Attorney General, for appellee.

DeBRULER, J.— Appellant was convicted of attempted commission of a felony (robbery) while armed, Ind. Code § 35-12-1-1, repealed effective October 1, 1977. This conviction followed a trial by jury in the Criminal Court of Marion County, Division Four on December 13, 1976. He received a determinate term of imprisonment of twenty-five years. The issues raised on appeal are as follows:

(1)   whether the evidence of a separate crime not charged should have been excluded; and

(2) whether the evidence is sufficient to support the conviction.

Richard Lamperalli was employed as the bartender in the Victoria Station restaurant in Indianapolis on the evening of January 24, 1976, and the early morning hours of January 25, 1976. Toward the end of his shift at about 1:00 a.m. a man wearing a ski mask entered the kitchen with a gun in hand and ordered the workers present to raise their hands and sit down on the floor. He pointed toward the office and asked if that was the office and someone said yes. He moved into the front of the restaurant and into the bar area and ordered everyone to get down on the floor. No one responded until he fired a round into the ceiling. One of the employees jumped up and ran out of the restaurant, and the masked man fired a second shot and then chased after the fleeing employee and out of the restaurant. He was observed as he got in his car and drove from the parking lot. He was followed by the employee and a security guard who happened by in a car. The car was soon stopped and appellant was arrested. A ski mask, two handguns, and the proceeds of a robbery of the Loew's Theater which had occurred earlier in the evening were taken from appellant's car.

The theater was located on the same shopping center parking lot as the Victoria Station restaurant and the robbery of it had occurred at about 11:15 p.m. the same evening.

The cashier of the theater was called as a witness for the State and over objection identified appellant as the man who had robbed the theater that evening. She testified that appellant had come in the theater without the mask and asked to see the manager. As she responded he pulled the mask down over his face, pulled a gun, forced the employees to get on the floor, took $895 and left.

I.

Appellant first contends that it was error for the trial court to admit evidence that he had robbed the Loew's Theater earlier in the evening. The general proposition of law relied upon by appellant in this regard is well settled that evidence in a criminal prosecution that the accused committed other crimes, separate and distinct from the offense for which he is on trial is inadmissible. *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843; *Thornton v. State*, (1978) 268

Ind. 456, 376 N.E.2d 492; *Meeks v. State*, (1968) 249 Ind. 659, 234 N.E.2d 629. However, such evidence may be admissible in spite of its tendency to show the accused guilty of other crimes if it proves a fact in issue and its probative value outweighs its prejudicial effect. *Bruce v. State*, (1978) 268 Ind. 180, 375 N.E.2d 1042. In the case before us it was incumbent upon the prosecution to show that appellant entertained an intent to rob the Victoria Station and the existence of such state of mind was in serious contention as the circumstances of the alleged crime disclosed that no money or property was taken by appellant and no direct verbal assertion was made by him that he was after money. It has been recognized that evidence of prior offenses may be admissible as within a narrowly drawn exception to the general rule if relevant to show intent. *Jenkins v. State*, (1975) 263 Ind. 589, 335 N.E.2d 215; *Gerber v. State*, (1972) 258 Ind. 171, 279 N.E.2d 542; *Lockridge v. State*, (1977) 172 Ind.App. 141, 359 N.E.2d 589. Appellant wore a ski mask, ordered persons present to the floor, and wielded a handgun during both episodes. Both episodes occurred in the same shopping center, within a short span of time and at places of business in which one might reasonably expect to find large amounts of cash. Proof of the theater robbery was relevant to show that appellant entertained an intent to rob during the restaurant episode, and while its prejudicial effect would be of significant dimension, that effect would be outweighed by its probative value and the necessity under the circumstances of its production.

## II.

Appellant also contends that the evidence that he intended to take money from the bartender, Lamparelli, is insufficient and therefore the verdict of guilty should be vacated. Lamparelli was in charge of the bar and its operation. Appellant entered the restaurant brandishing a gun, with a ski mask on, and after ordering employees to the floor, asked where the office was. He moved into the bar area and ordered the customers to get on the floor. He had been in the bar earlier in the evening and had seen that money was present in the restaurant and bar area. He had completed a successful robbery of the theater just two hours before using the same techniques. When unable to gain control of those in the restaurant and upon being confronted with the flight of an employee, he ran from the restaurant. Under

the restriction of our rules governing appellate review of the sufficiency of evidence, we find this evidence sufficient to warrant a jury in concluding beyond a reasonable doubt that appellant intended to rob the bartender and take money or property.

The conviction is affirmed.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE—Reported at 383 N.E.2d 1027.