Harold D. **SIZEMORE,** Appellant (Defendant Below),

v.

**STATE** of Indiana, Appellee (Plaintiff Below).

No. 1183S400.

Supreme Court of Indiana.

July 18, 1985.

Linley E. Pearson, Atty. Gen., Phillip B. Rarick, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a jury trial Defendant (Appellant) was convicted of burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1979 Repl.), and sentenced to twenty (20) years imprisonment. He also was charged with theft, Ind.Code § 35–43–4–2 (Burns 1979 Repl.), a class D felony, but was found not guilty.

This direct appeal raises several contentions which we restate as the following two issues:

(1) Whether the trial court erred in admitting into evidence testimony and exhibits revealing Defendant's involvement in other burglaries.

(2) Whether the evidence was sufficient to sustain the conviction.

We find no reversible error and affirm.

The evidence most favorable to the State demonstrated that Defendant and one Barrett began driving around and drinking together March 2, 1982. They burglarized at least two residences before reaching the Abel farm. Mr. Abel arrived and observed that his upstairs bedroom lights, which he had turned off when he left, were on. He found Defendant's automobile, its engine running, parked in his yard. He also observed the silhouette of someone through an upstairs window of the house.

Mr. Abel turned off the automobile ignition and removed the keys, then entered the house and found a rifle. He ordered the intruders to come downstairs. They descended, then ran out of the front door and entered Defendant's automobile. Mr. Abel then fired a shot into the rear of the automobile, and both men surrendered.

The upstairs of the house had been ransacked. As police and Mr. Abel searched his premises during the next several days they discovered jewelry, coins and other items. Some of these items were identified at trial as Mr. Abel's property, and others as items that had been taken during other

Frank W. Messer, Jr., Connersville, for appellant.

burglaries earlier in the day. Police could not determine who owned one of the items, a watch.

## ISSUE I

■ Defendant claims that the trial court erred in admitting into evidence testimony concerning other burglaries and various items and photographs of items taken during these burglaries, which preceded the Abel burglary on the same day. Defendant contends that this evidence of prior crimes was highly prejudicial and should not have been admitted. The State counters, and we agree, that this evidence was admissible to show Defendant's intent, at the time he entered Abel's home, and to show that Defendant and Barrett were carrying out a "common scheme or plan" to burglarize homes during that day.

In a recent opinion analyzing this area Justice Pivarnik wrote:

> "It is well established that evidence of other criminal activity by a defendant is highly prejudicial and generally inadmissible. Evidence of other unrelated criminal activity may be admissible in certain cases, however, to prove an accused's identification, knowledge, intent or motive or to demonstrate a common plan or scheme of criminal activity from which the accused originated the charged crime. This testimony must possess substantial probative value and must be so specifically and significantly related to the charged crime in time, place and circumstance as to be logically relevant to one of these particular accepted purposes. (Citations omitted.) This Court has held:
>
>> "[The common scheme or plan] exception requires much more than mere repetition of similar crimes; 'The device used must be so unusual and distinctive as to be like a signature.'"
>
> (Citations omitted.)

*Hobbs v. State* (1984), Ind., 466 N.E.2d 729, 733.

The exhibits complained of tended to demonstrate that Defendant and Barrett intended to enter a series of dwellings and take jewelry and other small items March 2, 1982. Each of the incidents happened that day, each of the items introduced was taken that day, and Defendant or Barrett kicked in the front door of each of the three residences involved; evidence which taken together established the "signature" requirement for the common scheme or plan exception as restated by *Hobbs*.

■ Regarding one of the items, a watch, Defendant further contends that evidence concerning this item should not have been admitted because it was not identified as belonging to Mr. Abel or the prior burglary victims. Defendant's counsel objected to admission of evidence concerning the watch on the basis that it was not relevant or material unless such ownership was established by the State. He argued that "to me it's the same as any other item they might have found at Mr. Abel's home that [the State] wanted to bring in here and display to the jury, ..." We disagree.

Mr. Abel found the watch near several discarded items which were tied to the prior burglaries. He testified that the watch did not belong to him. Even if the watch had not been taken during one of the prior burglaries, the fact that Barrett or Defendant discarded it near other items that had been taken during the crimes tended to show an attempt to conceal evidence of the burglaries. Thus we cannot say that evidence concerning the watch was not relevant to any issue in the case.

## ISSUE II

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evi-

dence nor will we judge the credibility of the witnesses." (Citations omitted.)

*Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. Under this standard, the evidence presented by the State in this case was sufficient to sustain the conviction.

■ Barrett and Defendant both testified that Defendant had become so intoxicated during the day that he had not assisted Barrett during the prior burglaries, and in fact had passed out in the automobile by the time Barrett drove it to Mr. Abel's residence. Barrett, incidentally, pleaded guilty to charges of burglarizing the Abel residence before Defendant's trial began. Defendant claimed that he had awoken in the automobile and discovered it was parked at the Abel residence. He then went into the Abel residence to tell Barrett to leave.

The jury was not required to believe this story. The record demonstrates that none of the persons who came into contact with Defendant after Mr. Abel apprehended him believed that Defendant was intoxicated. Moreover, Defendant's presence *upstairs* in the house when Mr. Abel arrived supports the inference that he was assisting Barrett in burglarizing the home as much as it supports the inference that he had gone upstairs to warn Barrett to leave. The upstairs of the home had been ransacked. Finally, the record includes testimony of several statements by Barrett to Defendant to the effect that they had been caught during the course of a burglary, and they should have resisted or even killed Mr. Abel when he apprehended them in his home.

Defendant's challenge merely invites us to reweigh the evidence. We find no error, and the judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

HUNTER, J., not participating.