Leroy WILLIAMS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 284S68.

Supreme Court of Indiana.

Aug. 29, 1985.

Jack E. Roebel, Allen County Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a jury trial Defendant (Appellant) was convicted of burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1984 Cum.Supp.). He was sentenced to an enhanced term of fifteen (15) years imprisonment.

This direct appeal presents four (4) issues:

(1) Whether the trial court erred in admitting evidence that Defendant had committed another burglary the same evening.

(2) Whether the trial court erred in refusing Defendant's tendered Instruction No. 4 concerning the weighing of confessions and admissions.

(3) Whether the evidence was sufficient to sustain the conviction.

(4) Whether the enhanced sentence is manifestly unreasonable. We find no reversible error and affirm the conviction and sentence.

The evidence most favorable to the State revealed that 74-year-old Mabel Carpenter was preparing to retire when she heard glass breaking in the downstairs area of her home. She believed someone was breaking in and called police, who arrived almost immediately and arrested Defendant inside her home; however, Defendant had nothing from the home in his possession, nor had anything been removed or moved about. Shortly thereafter, the po-

lice discovered a television beside a garbage can at the rear of a residence located five houses north of the Carpenter home.

After being advised of his right not to make a statement, Defendant told the officers that he had taken the television during the burglary of another home in the area earlier that evening. He also suggested to the officers that he would help them with narcotics investigations if they would release him. Other facts are stated below.

## ISSUE I

Defendant contends that the trial court committed reversible error when it admitted into evidence testimony that Defendant had taken the aforementioned television set during the aforementioned earlier burglary. Defendant argues that this evidence of a prior crime was not admissible because the State did not establish that the television was taken during a burglary committed by use of a modus operandi similar to that employed to commit the charged crime. We find no error.

■ As a general rule, evidence of a defendant's other crimes is irrelevant and highly prejudicial and therefore not admissible. However, such evidence may be admissible to identify the defendant as the perpetrator of the crime, to establish his knowledge, *intent* or *motive*, or to demonstrate that the charged crime was part of a common scheme or plan of criminal activity. *See, e.g., Sizemore v. State* (1985), Ind., 480 N.E.2d 215, 217.

■ Defendant's argument focuses upon the 'common scheme or plan' exception. He correctly argues that under our cases, the State, in order to demonstrate that the charged crime was part of a common scheme or plan of criminal activity, must establish that the manner of committing each crime in the series was so unusual or distinctive as to be like a "signature." This exception recognizes that when the means used to commit the previous crime were nearly identical to the means used to commit the charged crime, evidence of the prior crime tends to establish that the same

person committed both and is thus relevant to prove the *identity* of the perpetrator. *See generally, Hobbs v. State* (1984), Ind., 466 N.E.2d 729.

However, in other cases our courts have upheld the admission of evidence of prior crime to show a defendant's *intent* or *motive* without requiring a showing that the means used to commit the prior crime were virtually identical to the means used to commit the charged crime. *Cf., Watkins v. State* (1983), Ind., 446 N.E.2d 949, 962 (defendant's prior shooting at intended victim admissible to establish defendant's motive for subsequent murder of person defendant mistook for intended victim). This is particularly true where, as here, there is no substantial question that the defendant committed the acts which led to the charge, but rather the issue is the defendant's motive or criminal intent. *See, Anderson v. State* (1933), 205 Ind. 607, 617–620, 186 N.E. 316, 320–21 (evidence of prior, dissimilar crime admissible to establish defendant's motive for shooting sheriff whom defendant believed was pursuing him for the prior crime). Of course, the exceptions allowing introduction of evidence of prior crimes may overlap somewhat from case to case. Hence, in *Feyerchak v. State* (1978), 270 Ind. 153, 155–56, 383 N.E.2d 1027, 1028, this Court upheld admission of evidence that a defendant charged with robbery had utilized a very similar modus operandi during a prior robbery in the same area to show the defendant's *criminal intent* during the second episode.

■ In this case the evidence that Defendant had admitted to the arresting officers that he had taken the television during a prior burglary the same evening was admissible to establish his intent to commit theft when he broke into the victim's home. We find no error in admission of this evidence.

## ISSUE II

■ Defendant next claims that the trial court erred in refusing to give his tendered Instruction No. 4 to the jury. We initially note that in evaluating a claim of error

predicated on the refusal of an instruction we determine:

1. Whether the tendered instruction stated the law correctly.

2. Whether there was evidence to render the instruction applicable to the issues.

3. Whether the subject matter of the tendered instruction was covered by other instructions given by the trial court.

*E.g., Harlan v. State* (1985), Ind., 479 N.E.2d 569, 570–71. In this case, a portion of the instruction was not relevant under the evidence, and it, therefore, was properly refused.

■ Defendant tendered his Instruction No. 4 as one instruction that actually incorporated two instructions from the Ind. Pattern Jury Instructions (Criminal), stating that evidence had been presented that Defendant had made admissions of fact relating to the crime charged and advising the jury as to its responsibility and perogative to consider such evidence, but *also* stating that evidence had been presented that Defendant had confessed to the crime charged, and advising the jury of its authority to consider a confession. The instruction was properly refused, inasmuch as there had been no evidence presented that Defendant had confessed to the crime charged. From this point of view, the instruction could have been far more detrimental than beneficial to the Defendant.

There was evidence presented that Defendant had made an admission detrimental to his interests—that he had taken the television set during a previous burglary committed earlier the same evening—and thus the part of the instruction relating to how admissions should be received and considered was proper. However, being offered as one instruction, and, in part misstating the evidence, it was properly refused.

### ISSUE III

Defendant contends that the evidence presented by the State was not sufficient to sustain the verdict. Specifically, he argues that the State failed to prove that he had the requisite felonious intent when he entered the victim's home.

This claim is governed by the following standard of review:

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." (Citations omitted.)

*Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

Ind.Code § 35–43–2–1 generally defines burglary as the breaking and entering of the building or structure of another with intent to commit a felony therein. In this case Defendant was charged with breaking and entering the victim's dwelling with intent to commit theft, i.e. the deprivation of any part of the value or use of the victim's property, a class D felony under Ind.Code § 35–43–4–2 (Burns 1984 Cum.Supp.).

■ Defendant does not deny that he committed a "breaking", but claims instead that the State failed to establish that he intended to commit theft when he entered the home. He emphasizes that none of the victim's belongings were disturbed. Defendant points to considerable testimony in the record that he was intoxicated the day of the crime, and his testimony that he had been involved in an argument with a girlfriend who was pursuing him with a knife, and that when he entered the victim's home he thought that he was entering his sister's home to seek refuge.

However, the State presented evidence that, when arrested, Defendant admitted taking the television found nearby in a prior burglary, and that he offered to assist the police in investigating local drug traffic if the officers would let him go. Police officers arrived at the home within minutes of the victim's call, and the jury

could have reasonably concluded that Defendant had not had time to remove any items before the police arrived. From this evidence the jury properly could have concluded that Defendant entered the victim's home with the intent to commit theft.

## ISSUE IV

■ Defendant finally contends that the enhanced, 15-year sentence is manifestly unreasonable. Our review of this contention is governed by Rule 2 of the Ind.Rules for the Appellate Review of Sentences:

"(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and character of the offender. (2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed."

Burglary is a class B felony when the building or structure entered was a dwelling. Ind.Code § 35–43–2–1. The presumptive sentence for a class B felony is ten (10) years imprisonment, which may be reduced by up to four (4) years for mitigating circumstances, or enhanced by up to ten (10) years because of aggravating circumstances. Ind.Code § 35–50–2–5 (Burns 1979 Repl.). Reviewing a similar claim this Court recently stated:

"Within the parameters of applicable sentencing statutes, the trial court is vested with wide discretion to determine whether the presumptive sentence will be enhanced because of aggravating factors involving the particular defendant or crime, and whether the terms of imprisonment stemming from multiple convictions shall be served concurrently or consecutively. See Ind.Code §§ 35–50–1–2 (Burns 1979 Repl.), 35–38–1–7 (Burns 1984 Cum.Supp., formerly Ind.Code § 35–4.1–4–7, Burns Code Ed. 35–50–1A–7 [1979 Repl.]). Thus a trial court may, upon consideration of relevant facts and information, enhance the basic penalties, impose consecutive sentences, or

both.... However, if the trial court enhances the penalties or imposes consecutive sentences, the record must demonstrate that 'the determination was based upon the consideration of the facts of the specific crime, the aggravating and mitigating circumstances involved, and the relation of the sentence imposed to the objectives which will be served by that sentence.'" (Citations omitted.)

*Shippen v. State* (1985), Ind., 477 N.E.2d 903, 905.

We note that section 35–38–1–7(a) (formerly 35–4.1–4–7(a), Burns Code Ed. 35–50–1A–7(a)) requires the trial court, in imposing sentence, to consider the risk that the defendant will commit another crime, the nature and circumstances of the crime committed, and the defendant's prior criminal record, character and condition. Section 35–38–1–7(b)(5) (formerly 35–4.1–4–7(c)(5), Burns Code Ed. 35–50–1A–7(c)(5)) specifies as an aggravating factor the fact that the victim was 65 years old or older. Section 35–38–1–7(b)(2) (formerly 35–4.1–4–7(c)(2), Burns Code Ed. 35–50–1A–7(c)(2)) specifies as an aggravating factor the fact that the defendant has a history of criminal activity. Finally, section 35–38–1–7(d) (formerly section 35–4.1–4–7(d), Burns Code Ed. 35–50–1A–7(d)) provides that the trial court may consider any other relevant factor present in a particular case.

In rendering sentence in this case the trial court cited the following aggravating factors:

"1. Age of complaining witness and victim, seventy-four (74); night entry, while house was occupied all increased *rike* (sic) of harm and violence;

2. Evidence of pattern of longstanding criminal activity and of a series of transactions in the same neighborhood;

3. Absence of significant continuity in work record, admitted abuse of alcohol and use of marijuana is evidence of high probability of continuing now (sic) productivity and liability upon the community;

4. Total absence of contrition and remorse[,] evidence of lack of moral legal duty and responsibility to community."

Defendant strongly argues that the trial court failed to consider the mitigating evidence presented, in particular his problems related to alcohol addiction. First, our review of the transcript of the sentencing hearing reveals that the trial court did consider the mitigating evidence, but found it to be outweighed by the aggravating factors. Second, notwithstanding Defendant's insistence that his record before the instant conviction constituted only misdemeanors, as of the time he was sentenced in this case, Defendant had been convicted of a second burglary charge, and yet another such charge was pending.

The record supports the aggravating factors cited by the trial court, and we cannot say that the sentence is manifestly unreasonable in light of the nature of the crime and character of the Defendant.

The conviction and sentence are affirmed.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

HUNTER, J., not participating.