**Robert DAYHUFF, Appellant (Defendant Below),**

**v.**

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 53A04–8904–CR–165.**

Court of Appeals of Indiana, Fourth District.

Nov. 6, 1989.

Tim J. Dant, Hayes, Hayes and Dant, Washington, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Defendant–Appellant Robert Dayhuff (Dayhuff) appeals his jury trial conviction for Battery, a class A misdemeanor pursuant to IND.CODE 35–42–2–1.

We reverse.

Dayhuff presents one issue for our review, namely, whether the trial court erred in refusing Dayhuff's tendered instruction concerning self-defense.

The only evidence on Dayhuff's theory of self-defense is his testimony and that of Plaintiff–Appellee Sharrett Manasco (Manasco), Dayhuff's former fiancee. Their testimony is mostly contradictory.

The parties agree Manasco went to Dayhuff's trailer to retrieve a roto-tiller Dayhuff had borrowed. During their conversation, Dayhuff asked Manasco to return a Wholesale Club membership card he had given her during their engagement. When Manasco was unable to produce the card, an altercation ensued. Dayhuff struck Manasco in the face with a portable telephone, injuring her.

Manasco testified Dayhuff became angry and started yelling at her when she was unable to produce the membership card. (R. 71). Manasco became frightened and Dayhuff chased her to the opposite side of her vehicle. (R. 72). She picked up a bucket and started swinging it to keep Dayhuff away. Dayhuff took the bucket from her and began kicking her car. (R. 72). Manasco retreated to the inside of her car and as she reached for the ignition, Dayhuff reached in and hit her in the face with a portable phone he was carrying. (R. 73).

Dayhuff on the other hand testified Manasco's inability to procure the membership card made him irate, (R. 212) but Manasco picked up the bucket and began hitting him on the head, arms, and shoulders. (R. 177). After Dayhuff took the bucket away from Manasco, she got into her vehicle, started it up and ran into his car. (R. 177). Dayhuff threatened to throw a rock through Manasco's windshield if she ran into his vehicle again. (R. 179). As the two continued to argue, Dayhuff dropped the rock and kicked Manasco's vehicle at least three times. (R. 181). He then stood back and repeatedly asked Manasco to "please leave." (R. 186). Manasco backed up her vehicle, but then drove it at Dayhuff. (R. 187). Dayhuff fell and the vehicle was stopped within one to two inches of him. (R. 188). Frightened, Dayhuff jumped up, reached in the vehicle, and hit Manasco in the face with the portable phone. (R. 190).

Dayhuff tendered three instructions on self-defense.[1] The trial judge refused the tendered instructions, stating:

---

1. The tendered instructions read as follows:
 Proposed Instruction No. 1
 No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting himself or his family by reasonable means necessary.
 Proposed Instruction No. 2
 A person is not justified in using force if he has entered into combat with another person or is the initial aggressor, unless he withdraws from the encounter and communicates to the other person his intent to do so and the other person nevertheless continues or threatens to continue unlawful action.
 I.C. 34–41–3–2(d)(3) [sic]
 Proposed Instruction No. 3
 It is a defense that the person who engaged in the prohibited conduct was compelled to do so by threat of imminent serious bodily injury to himself or to another person. With respect to

... Okay I am going to refuse all of the tendered instructions for the express reason that I believe that the very best analysis of this case, that it could only be termed a mutual combat case and that there is no cintel [sic] of evidence in my judgment that would take it into a self defense posture and that is the reason that I am rejecting all of those instructions and the fact of your tender saves them for appeal if that should become necessary.

(R. 260, 269).

 It is well-settled jury instruction is largely within the sound discretion of the trial court. *Davis v. State* (1988), Ind.App., 529 N.E.2d 112, 116 (citing *Washburn v. State* (1986), Ind., 499 N.E.2d 264, 266). We review the trial court's decision only for abuse of discretion. *Id.* We recognize, however, the trial judge has a statutory duty to state to the jury "all matters of law which are necessary for their information in giving their verdict." IND.CODE 35–37–2–2(5). As a general rule, a defendant in a criminal case is entitled to have the jury instructed on any theory of defense which has some foundation in the evidence. *Lockridge v. State* (1977), 172 Ind.App. 141, 359 N.E.2d 589. The rule applies even if the evidence is weak and inconsistent. *Harrington v. State* (1980), Ind.App., 413 N.E.2d 622, 624 (citing *U.S. v. Hillsman* (7th Cir.1975), 522 F.2d 454, 459 cert. denied, 423 U.S. 1035, 96 S.Ct. 570, 46 L.Ed.2d 410). However, the evidence presented must have some probative value to support it. *Priestly v. State* (1983), Ind. App., 451 N.E.2d 88.

 In determining whether the refusal to give an instruction was correct we consider:

1. whether the tendered instruction is a correct statement of law,

2. whether there is evidence to support the giving of the instruction, and

3. whether the substance of the tendered instruction is covered by other instructions.

*Davis, supra,* at 116.

The proposed instructions were direct quotations of statutes on the use of force to protect person or property and the defense concerning duress. Thus, these instructions are correct statements of the law, and their substance was not covered by any of the trial court's instructions. The central question then, is whether there is some evidence requiring the giving of instructions on self-defense.

 A person is justified in using reasonable force against another person to protect himself from what he reasonably believes to be the imminent use of unlawful force. IND.CODE 35–41–3–2(a). A person is not justified in using force if he has entered into combat with another person unless he withdraws and communicates his intent to do so and the other person nevertheless continues or threatens to continue unlawful action. IND.CODE 35–41–3–2(d)(3).

 Manasco testified Dayhuff hit her in the face with the portable phone. Dayhuff does not dispute he hit her but claims he did it out of fear because she had just attempted to run him over with her vehicle. He also testified that prior to her attempt to run over him he had backed off and asked her repeatedly to leave. Dayhuff's testimony constitutes some evidence, albeit weak, he may have acted in self-defense. Whether reasonable force has been used or not is a question of fact to be determined by the jury. *Smith v. State* (1980), Ind. App., 403 N.E.2d 869, 875–76. It was the jury's duty to decide if Dayhuff's evidence was believable, unbelievable, or sufficient to warrant the use of force. The jury, however, had no instruction upon which it could make an informed decision.[2] The

---

offenses other than felonies, it is a defense that the person who engaged in the prohibited conduct was compelled to [sic] so by force or threat of force, compulsion under this section exists only if the force, threat, or circumstances are such as would render a person of reasonable firmness incapable of resisting the pressure.
I.C. 35–41–3–8(a)

(R. 266–268).

**2.** The jury was also undoubtedly confused by the remarks of the judge following Dayhuff's

presence of an issue calls for an instruction on the issue. *Palmer v. State* (1981), Ind., 425 N.E.2d 640, 643.

The trial court erred in not instructing the jury on the issue of self-defense.

Reversed.

RATLIFF, C.J., concurs.

CHEZEM, P.J., dissents and files separate opinion.

CHEZEM, Presiding Judge, dissenting.

I respectfully dissent. The majority correctly states that the decision to give, or not to give, an instruction to the jury is within the sound discretion of the trial court, and that a defendant in a criminal case is entitled to have the jury instructed on any theory of defense which has some foundation in the evidence. *Davis v. State* (1988), Ind.App., 529 N.E.2d 112; *Lockridge v. State* (1977), 172 Ind.App. 141, 359 N.E.2d 589. However, the majority then proceeds to reverse to require the giving of an instruction for which there was no evidentiary basis at trial.

Even Defendant's own testimony does not offer a sound basis for any of the instructions on self-defense. Defendant testified that Manasco stopped the vehicle without hitting Defendant. Record at 188. Defendant never testified that he feared a second attack, or that he struck Manasco to prevent a second attack.

I.C. 35–41–3–2(a) provides that a person is justified in using reasonable force against another person to protect himself from what he reasonably believes to be the *imminent* use of unlawful force. Defendant only alleged a *prior* use of unlawful force by Manasco. Thus, Defendant did not establish an evidentiary basis for Proposed Instructions 1 or 2.

Defendant also failed to establish an evidentiary basis for Proposed Instruction 3.

That instruction sets forth the defense of duress as defined by I.C. 35–41–3–8. Defendant never testified that he was forced, or that his actions were directed under threat of force, to strike Manasco with his portable phone; likewise, there is no evidence in the record which would permit such an inference. Thus, the trial court properly refused Defendant's Proposed Instruction Number 3.

I would affirm the judgment of the trial court in all respects.

---

objection to statements made during the prosecutor's closing argument. The judge stated to the jury:

> Ladies and gentlemen, *the prosecutor* in during [sic] final argument *made two references that I recall to the fact that the Court would instruct you that self defense is not an* issue in this case and that is not accurate, what the Court has refused to do is to tender an instruction on self defense for you. That does not mean that the parties might not submit to you their view that the case stands on that posture. (Emphasis supplied).

