Guy Charles BRAGG, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–9711–CR–388.

Court of Appeals of Indiana.

June 9, 1998.

Mark Olivero, Swanson & Campbell, Fort Wayne, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

FRIEDLANDER, Judge.

Guy Charles Bragg appeals his conviction of Criminal Recklessness,[1] a class D felony, presenting the following restated issues for review:

1. Did the trial court err in refusing to instruct the jury on self-defense?

2. Was the evidence sufficient to support the conviction?

We reverse.

The facts favorable to the conviction are that Ralph Bragg is the defendant's grand-nephew. On May 14, 1996, Ralph was locked out of his house, borrowed a ladder from his grandmother's nearby house, and climbed onto his roof. While Ralph was on the roof, the defendant, who had been drinking alcohol, walked by and the two exchanged angry words. The defendant produced a gun, waved it in the air, pointed it directly at Ralph, and then fired two or three shots. Ralph produced a gun he was carrying at the time and returned fire. The defendant left

---

1. Ind.Code Ann. § 35–42–2–2 (West 1998).

the scene and was arrested a short time later, still carrying the handgun.

### 1.

Bragg contends that the trial court erred in refusing to read to the jury a self-defense instruction he tendered to the court.

In *Dayhuff v. State*, 545 N.E.2d 1100 (Ind. Ct.App.1989), *trans. denied*, this court reversed a conviction based upon the trial court's failure to give a self-defense instruction tendered by the defendant. In that case, the defendant was charged with battery and tendered three self-defense instructions. The trial court refused all three instructions on the ground that, in the court's opinion, there was not a scintilla of evidence that would "take [the case] into a self[-]defense posture." *Id.* at 1102. The defendant's testimony was the only evidence supporting his claim of self-defense.

Acknowledging that the evidence supporting the giving of the instruction was "weak", *id.* at 1102, we nevertheless held that the trial court erred in refusing to give the instruction. In so holding, we cited the principle that "a defendant in a criminal case is entitled to have the jury instructed on any theory of defense which has some foundation in the evidence." *Id.* We noted also that the rule applies even if the evidence is weak and inconsistent, although it "must have some probative value to support it." *Id.* As to the weak nature of the evidence, we held that "it was the jury's duty to decide if [the defendant's] evidence was believable, unbelievable, or sufficient to warrant the use of force." *Id.*

■ In the instant case, three independent witnesses and the victim all testified that the defendant fired the first shot. To contradict this evidence and in support of his claim that Ralph Bragg fired first, the defendant offers only his own testimony to that effect. It would not be unreasonable to characterize such evidence as weak. We are reluctant, however, to hold that Guy Bragg's testimony was incredible as a matter of law because this court is ill-equipped to weigh evidence and judge witness credibility. The jury was in the best position to assess the credibility of Bragg's testimony in view of the counter-

vailing evidence. We therefore conclude that the trial court erred in refusing to read Bragg's self-defense instruction to the jury.

■ An error in failing to give an instruction to the jury does not necessarily warrant reversal. In determining whether the refusal warrants reversal, we must assess whether the defendant was prejudiced by the court's failure to give the instruction. *Spires v. State*, 670 N.E.2d 1313 (Ind.Ct.App.1996).

■ In the instant case, the jury was not instructed that a person is justified in using force under certain conditions. *See* Ind.Code Ann. § 35–41–3–2 (West 1998). The jury would have been so apprised with a correct self-defense instruction. Without such an instruction, the court's instructions permitted the jurors to find Bragg guilty of criminal recklessness even if they believed the defendant's claims that Ralph Bragg fired at him first and that the defendant was without fault in initiating the incident. The error was not harmless and the conviction must therefore be reversed.

### 2.

Having determined that the conviction must be reversed because of the failure to properly instruct the jury, we address Bragg's sufficiency of the evidence claim to ensure that a retrial, if the State chooses to pursue one, will not be barred by the Double Jeopardy Clause of the United States Constitution. *See Brown v. State*, 659 N.E.2d 652 (Ind.Ct.App.1995), *trans. denied*.

■ Applying our well-established standard of review, *see Horan v. State*, 682 N.E.2d 502 (Ind.1997), we conclude that the evidence was sufficient to support the conviction. A conviction for criminal recklessness may be premised upon the uncorroborated testimony of the victim alone. *Jones v. State*, 569 N.E.2d 975 (Ind.Ct.App.1991). The facts set out above previously in this opinion are taken directly from Ralph Bragg's testimony, which was sufficient to establish the elements of the offense of criminal recklessness. Moreover, Ralph's testimony as to what occurred was corroborated by other witnesses. The evidence was suffi-

cient to support the conviction and a retrial would not offend double jeopardy principles.

Judgment reversed.

HOFFMAN and STATON, JJ., concur.