Claude HOSKINS, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 49S00–0002–CR–132.

Supreme Court of Indiana.

Oct. 30, 2000.

Kevin McShane, Indianapolis, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

DICKSON, Justice

The defendant, Claude Hoskins, was convicted of murder[1] for the July 10, 1998, death of Betty Weir. Rejecting the defendant's claims of trial court error and jury misconduct, we affirm the trial court.

Betty Weir was killed by a single .357 magnum gunshot fired by the defendant in their home.[2] He asserted that the shooting was accidental. The defendant first contends that the trial court erred in refusing his tendered instruction, which would have advised the jury that an adult who has not been convicted of a felony may possess or carry a handgun in that person's home or business without a license.

In support of his tendered instruction, the defendant urged the trial court that it was needed because the possession of firearms is currently a very controversial and emotionally-laden issue and that some jurors may incorrectly believe that it was unlawful for him to possess the handgun in his home. The defendant argues that this potential, erroneous notion was not allowed to be corrected by his instruction, and therefore, his substantial rights were prejudiced by the court's action.

To determine whether the trial court erred in refusing to give an instruction, we consider: (1) whether the tendered instruction correctly states the law; (2) whether the evidence supports giving the instruction; and (3) whether other instructions already given cover the substance of the tendered instruction. *Williams v. State,* 700 N.E.2d 784, 787–88 (Ind.1998); *Griffin v. State,* 644 N.E.2d 561, 562 (Ind.1994). When evaluating these considerations, we bear in mind that instructing the jury generally lies within the sole discretion of the trial court. *Edgecomb v. State,* 673 N.E.2d 1185, 1196 (Ind.1996). Appellate reversal is appropriate only for abuse of discretion. *Id.* The State acknowledges that the tendered instruction may have been a correct statement of the law and the substance of the

---

1. IND.CODE § 35–42–1–1.

2. Evidence was presented that the defendant and Betty Weir, although never married, had been together seventeen and one-half years prior to her death, and that they were the parents of three children, aged sixteen, fourteen, and eleven.

instruction was not covered by any other instructions, but asserts that there is no evidence in the record to support giving the instruction. In reviewing appellate claims alleging improper refusal of tendered instructions, we usually refer to the second consideration in terms of whether the evidence supports giving the instruction. However, this same consideration has also been aptly articulated as "[w]hether there was evidence to render the instruction applicable to the issues." *Williams v. State*, 481 N.E.2d 1319, 1322 (Ind.1985). In the present case, this latter description provides a helpful basis for our analysis.

The defendant was not charged with the unlawful possession of a handgun. The legality of his possession of the weapon was not an issue in this case. The defendant does not contend that the State made any allegations of unlawful possession at any point during the trial. We understand that the tendered instruction may have been helpful in light of potential jury consideration of irrelevant matters, and it likely would not have been error for the trial court, in the exercise of its discretion, to have given the instruction. The instruction was not, however, applicable to the issues raised by the evidence. It was not an abuse of discretion for the trial court to decline the tendered instruction.

 The defendant's second contention is that the trial court erred in denying his motion to correct errors alleging juror misconduct. The motion was supported by the affidavit of a co-employee of one of the jurors. The affiant asserted that, shortly after the shooting occurred, she told a person who later became a juror that "my girlfriend's brother shot his girlfriend" and that the juror told her after the trial that, after the trial started, she remembered reading about the shooting in the newspaper. Record at 119. The defendant contends that the effect of this information on the juror should be presumed to be prejudicial and that it deprived him of an impartial tribunal and a fair trial.

To warrant a new trial upon a claim of juror misconduct, the defendant must show that the misconduct was gross and probably harmed the defendant. *Carr v. State*, 728 N.E.2d 125, 131 (Ind.2000). This determination is a matter within the trial court's discretion. *Lopez v. State*, 527 N.E.2d 1119, 1130 (Ind.1988).

The facts recited in the affidavit do not demonstrate juror misconduct, nor do they justify any inference of probable harm. The defendant does not establish that the juror gave false or misleading answers during voir dire. We decline to find any abuse of discretion in the trial court's denial of the defendant's motion to correct errors.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.