## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 18 2019, 7:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Chad A. Montgomery
Montgomery Law Office
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Spencer Davidson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 18, 2019

Court of Appeals Case No.
19A-CR-201

Appeal from the
Tippecanoe Superior Court

The Honorable
Steven P. Meyer, Judge

Trial Court Cause No.
79D02-1807-F5-121

**Vaidik, Chief Judge.**

# Case Summary

Spencer Davidson appeals his conviction for Level 5 felony attempted burglary, arguing that the evidence is insufficient to support it. We affirm.

# Facts and Procedural History

The evidence most favorable to the judgment establishes that on the evening of June 28, 2018, Officer Matthew Santerre of the Lafayette Police Department responded to a call from a Pay Less grocery store regarding a shoplifting complaint. Upon arriving at Pay Less, he talked to a manager, who said that Davidson grabbed fireworks and a lighter from a display and tried to leave without paying. When Officer Santerre asked Davidson if he disputed this statement, Davidson said no. Officer Santerre requested his identification and asked him where he was currently living. Davidson told Officer Santerre where he was living and that he was down on his luck and looking for $10. The manager told Officer Santerre that she did not want to pursue a theft charge against Davidson, and Davidson was allowed to leave.

About an hour later, Officer Samuel Gawaluck was dispatched to Citgo on Main Street in Lafayette in response to an alarm. When Officer Gawaluck arrived, he "saw that the lower pane of the front door was damaged." Tr. p. 13. There was a hole "a little bit bigger than a softball size, in the lower glass panel and the rest of the glass around it was starting to spider web, start[ing] to crack." *Id*. at 17-18. All exterior doors were locked and the security light in the

store was on. After contacting an employee of Citgo, Officer Gawaluck and another officer entered the store and found no one inside the building.

[4] Officer Gawaluck reviewed security footage and saw a white male, later identified as Davidson, trying to enter Citgo. The footage shows Davidson riding a bike up to Citgo, pulling on the handle of the front door, looking inside the door, and kicking the door. Davidson then moves off camera, comes back with a rock in his hand, looks around the area, and throws the rock at the door. He then walks back to his bike, but he comes back to the front door of Citgo, pulls on the handle of the door, and looks inside again before finally leaving on his bike. *See* Ex. 1.

[5] After Officer Gawaluck reviewed the security footage, he sent a photo of the assailant to the officers on shift that night. Officer Santerre was able to identify Davidson due to the earlier encounter at Pay Less. Officers then went to Davidson's home and ultimately arrested him.

[6] The State charged Davidson with Level 5 felony attempted burglary, Class A misdemeanor attempted theft, and Class A misdemeanor criminal mischief. Following a bench trial, the judge found him guilty of all three charges but entered judgment of conviction on attempted burglary only. In finding Davidson guilty of attempted burglary, the judge explained that he considered Davidson's prior attempted theft at Pay Less an hour before arriving at Citgo, the discussions Davidson had with Officer Santerre at Pay Less about looking

for money, Davidson throwing a rock at and kicking the front door of Citgo, and Davidson looking through the front door repeatedly. Tr. pp. 51-52.

[7] Davidson now appeals.

# Discussion and Decision

[8] Davidson claims that the evidence is insufficient to support his conviction of attempted burglary. When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the judgment. *Sallee v. State*, 51 N.E.3d 130, 133 (Ind. 2016). It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* It is not necessary that the evidence "overcome every reasonable hypothesis of innocence." *Id.* (quotation omitted). The evidence is sufficient if an inference may reasonably be drawn from it to support the judgment. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007).

[9] In order to convict Davidson of attempted burglary, the State had to prove that he took a substantial step toward breaking and entering Citgo, and that he did so with the intent to commit theft. Ind. Code § 35-43-2-1; Ind. Code § 35-41-5-1(a); Appellant's App. Vol. II p. 10; *see also Slaton v. State*, 510 N.E.2d 1343, 1350 (Ind. 1987).

[10] Davidson concedes that he took a substantial step toward breaking and entering Citgo by kicking and throwing a rock at the door. However, he claims that the

evidence is insufficient to show that he did so with the intent to commit theft. We disagree.

[11] A burglar's intent to commit theft may be inferred from the circumstances. *Timmons v. State*, 500 N.E.2d 1212, 1216 (Ind. 1986), *reh'g denied.* Here, the evidence shows that, before Davidson went to Citgo, he grabbed fireworks and a lighter from Pay Less and attempted to leave without paying. While at Pay Less, he told Officer Santerre that he was down on his luck and looking for $10. Video footage from Citgo shows Davidson kicking and throwing a rock at the door, putting his hand against the glass to look at what was inside, and eventually leaving when it is apparent to him that he will not be able to get inside the building. This evidence is sufficient to show that Davidson had the intent to commit theft. *See id.* (holding that the evidence was sufficient to show that the defendant intended to commit theft when he broke and entered a building based in part on the fact that he "had already committed a burglary earlier that evening"); *Williams v. State*, 481 N.E.2d 1319, 1322 (Ind. 1985) (holding that the evidence was sufficient to show that defendant intended to commit theft when he broke and entered a building based in part on the fact that "defendant admitted taking [a] television found nearby in a prior burglary" that evening). We therefore affirm Davidson's conviction for Level 5 felony attempted burglary.

[12] Affirmed.

Kirsch, J., and Altice, J., concur.