**Kenny HARDY, Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

**No. 2–278A49.**

Court of Appeals of Indiana,
Fourth District.

Nov. 23, 1982.

Carolyn S. Holder, Lafayette, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Kenneth R. Stamm, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

ON PETITION FOR REHEARING

CONOVER, Judge.

STATEMENT OF THE CASE

Kenny Hardy was convicted of Unlawful Dealing in a Controlled Substance, Ind.Code 35–24.1–4.1–2 [1] and was sentenced to five

---

1. Ind.Code 35–24.1–4.1–2. Unlawful dealing in a controlled schedule I, II or III substance.—(a) Except as authorized by this article [35–24.1–1–1—35–24.1–6–1c], a person is guilty of unlawful dealing in a schedule I, II or III controlled substance if he:

   (1) knowingly manufactures or delivers a controlled substance, pure or adulterated, clas-

sified in schedule I, II or III, except marijuana or hashish; or

   (2) possesses with intent to manufacture or deliver a controlled substance, pure or adulterated, classified in schedule I, II or III, except marijuana or hashish.

   (b) Unlawful dealing in a schedule I, II or III controlled substance is a felony punishable by a determinate term of imprisonment of not less

years imprisonment. That conviction was reversed by the Court of Appeals, Fourth District in *Hardy v. State,* (1981) Ind.App., 429 N.E.2d 281. The State's petition for rehearing was denied and it sought transfer to the Supreme Court. Transfer was granted pursuant to Ind.Rules of Procedure, Appellate Rule 11(B)(2)(a) and the decision and opinion of the Court of Appeals were vacated. The Supreme Court, Ind., 439 N.E.2d 153 further ordered the case remanded with instructions to grant the State's petition for rehearing and determine the issues in light of the Supreme Court's ruling in *Wireman v. State,* (1982) Ind., 432 N.E.2d 1343.

ISSUES

1. Did the trial court improperly refuse to dismiss the indictment of the grand jury?

2. Was a pre-trial motion to suppress erroneously denied?

3. Did the trial court improperly admit hearsay testimony at the pre-trial suppression hearing?

4. Did the trial court give an incorrect jury instruction on the law of entrapment?

5. Was evidence admitted contrary to an order in limine?

FACTS

An informant, working with undercover police officers, identified Kenny Hardy as a suspected drug dealer. Working through the informant, the officers were introduced to Hardy. No drug transaction was discussed during the introductory meeting. One officer and the informant contacted Hardy a second time at Hardy's residence. At that meeting Hardy was questioned about the possibility of obtaining drugs. Hardy responded by telling the officer and informant that he would soon be able to sell quantities of drugs that had been stolen from a drugstore.

Hardy was approached a third time by the officers with their request to buy drugs. Hardy told them he did not have any drugs but offered to take them to a place where drugs could be purchased. The officers accepted the offer and proceeded to another residence where Hardy unsuccessfully attempted to purchase drugs. After the frustrated drug buy, the officers pressed Hardy to sell them drugs. Hardy agreed to sell the officers some percodan the following day.

The next evening Hardy was contacted concerning the sale of percodan. Hardy stated he had used all of the percodan but he did have some preludin and quaaludes he could sell. The officers purchased nine tablets (seven preludin and two quaaludes) for ten dollars. Hardy was subsequently arrested and charged with delivery of a controlled substance.

DISCUSSION AND DECISION

Our original decision in this matter, *Hardy v. State,* (1982) Ind.App., 429 N.E.2d 281, held the process used to select the grand jury [2] which indicted Hardy was so irregular as not to substantially comply with statutory requirements for jury selection.[3] Our reversal of the trial court's judgment was based in part on *Wireman v. State,* (1981) Ind.App., 418 N.E.2d 1182. Wireman, a former city judge, was indicted by the same grand jury which indicted Hardy. In *Wireman* we reversed the conviction, holding the grand jury selection process did not substantially comply with the statute. *Id.* at 1183. Since Hardy raised precisely the same legal issue in an equivalent factual setting we were constrained to reach the same result.

than twenty [20] years nor more than life and a fine not to exceed five thousand dollars [$5,000] if the person has previously been convicted of a felony other than unauthorized possession of marijuana involving a schedule I, II or III controlled substance. Otherwise unlawful dealing in a schedule I, II or III controlled substance is a felony punishable by a determinate term of imprisonment of not less than five [5] years nor more than twenty [20] years and

a fine not to exceed two thousand dollars [$2,000]. Repealed by Acts 1977, P.L. 26, Section 27.

**2.** The activities of this grand jury are chronicled in *Wireman v. State,* (1981) Ind.App., 418 N.E.2d 1182 and *King v. State,* (1979) Ind.App., 397 N.E.2d 1260.

**3.** Ind.Code 33-4-5-1 *et seq.*

The Indiana Supreme Court overruled *Wireman,* finding the grand jury had been properly selected and empanelled. *Wireman,* 432 N.E.2d at 1349. The Supreme Court, having decided precisely the issue upon which Hardy's conviction was reversed, has furnished new authority for our decision. Based thereon, we now conclude Hardy's indictment was valid.

■ After examining the other issues, we are still obliged to reverse Hardy's conviction. The instruction submitted to the jury instructing them on the affirmative defense of entrapment was not a correct statement of Indiana law.

At the close of the evidence the jury was given the following instruction on the defense of entrapment:

State's Proposed Instruction No. 3

If the defendant raises evidence that he was persuaded or induced by a public officer or employee to sell drugs and that such inducement was of such nature that normal law-abiding citizens would have been persuaded, then he has raised the defense of entrapment. *You must determine whether there was such persuasion as would entrap an innocent person.*

Even if this defense is raised by the evidence, the State may nevertheless prove that this defendant had the criminal intent to sell drugs. A person is entrapped where the State implants into an innocent mind the criminal intent to sell drugs. However, a person is not entrapped if he was predisposed to deliver drugs and if delivering drugs was not solely the idea of the police. It is not entrapment for the police to purchase drugs from a person who is ready and willing to sell and where the State merely affords him an opportunity to sell. (Emphasis added.)

Hardy contests the giving of the instruction on the ground it does not comport with Indiana law. Our entrapment defense has been statutorily adopted and reads:

Sec. 9. (a) It is a defense that:

(1) the prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and

(2) *the person was not predisposed to commit the offense.*

(b) Conduct merely affording a person an opportunity to commit the offense does not constitute .entrapment. (Emphasis added.)

Ind.Code 35–41–3–9. Hardy argues the instruction given permitted the jury to apply an objective[4] standard of review to the defense of entrapment and is therefore an incorrect statement of the law.

Indiana has a bifurcated entrapment procedure. Evidence must first be presented showing the illegal conduct was instigated by government agents. *Gray v. State,* (1967) 249 Ind. 629, 231 N.E.2d 793. Once this becomes apparent the State then has the burden of proving beyond a reasonable doubt the defendant had a prior disposition to commit the illegal act. *Watkins v. State,* Ind., (1982) 436 N.E.2d 83. The interpretation of the second prong of the entrapment defense has engendered much comment in both state and federal courts. While the entrapment defense is not of constitutional dimension,[5] *United States v. Russell,* (1973) 411 U.S. 423, 424, 432, 93 S.Ct. 1637, 1639, 1643, 36 L.Ed.2d 366, the comments of the United States Supreme Court are illustrative of the issue presented herein.

Entrapment was first recognized by the Supreme Court as a defense in *Sorrells v. U.S.,* (1932) 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413. Sorrells made entrapment a fact question which the government may rebut by showing predisposition to commit the crime. *Sorrells,* at 451, 53 S.Ct. at 216.

---

**4.** The word objective as used in this opinion refers to the inquiry made under the second prong of the entrapment defense. It should not be confused with the objective theory of entrapment which relates only to the reasonableness of police conduct.

**5.** Justice Renquist does not, however, rule out the possibility of a due process violation. *Russell* at 431, 432, 93 S.Ct. at 1642, 1643.

In *Sorrells* the Court noted that a defendant who has raised the entrapment defense, "will be subjected to an appropriate and searching inquiry into his own conduct and predisposition" to resolve the question of his intent. *Id.*

Adherence to the subjective test was further confirmed by the Supreme Court's decision in *Sherman v. United States,* (1963) 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848. The Court approved the preceding language from *Sorrells* and said,

> "To determine whether entrapment has been established, a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal."

*Sherman,* at 372, 78 S.Ct. at 821.

In *Lopez v. U.S.,* (1963) 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462, the Court noted but did not address the question of whether the jury should consider the impact of governmental conduct on "men of ordinary fitness" or focus on the particular defendant. *Lopez* at 437, 83 S.Ct. at 1387.

This question was resolved by the Supreme Court in *U.S. v. Russell,* (1973) 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366. In that case, the Court held the focus of the entrapment defense is the predisposition or intent of the defendant rather than the quality of the governmental acts. *Russell,* at 434, 435, 93 S.Ct. at 1644.

Indiana's entrapment defense parallels that advanced by the Supreme Court in *U.S. v. Russell.* The leading case discussing the subject is *Hardin v. State;* (1976) 265 Ind. 635, 358 N.E.2d 134. The Indiana Supreme Court, citing *Sorrells, Sherman* and *Russell,* reiterated the scope of the second prong of the entrapment defense. In the following quote Justice Hunter, writing for the Court, explained Indiana's adherence to the subjective approach to entrapment:

> The second portion of our entrapment rule comes from the position embraced by the majority in the Supreme Court in *Sorrells v. United States,* (1932) 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; *Sherman v. United States,* (1958) 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848; and recently reaffirmed in *Russell v. United States,* (1973) 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366. This approach centers upon the predilection of the accused to commit the charged crime.

The minority stance in each of these opinions has been that an objective standard that looks only to the police conduct be adopted. This position has been urged upon us by many legal commentators and adopted in several jurisdictions. The rationale for this approach is that courts should not countenance conduct which falls below accepted standards of police conduct. In addition, the focus upon the subjective intent of a defendant necessarily opens the gates to the introduction into evidence of often variable hearsay and suspicious evidence.

The decision as to which course of the two to follow is no longer without legislative guidance. The new Indiana Penal Code which becomes effective July, 1977, adopts the majority position in *Sorrells.* In the comments to the proposed Penal Code, the drafters state the following:

> However, the phrase 'a person not predisposed to commit the offense' was added to that section to insure that Indiana would follow the subjective approach to this defense.

> Under this section the defendant will raise the issue through some evidence showing his conduct was induced by a public officer or employee and that inducement was of such nature that normal law-abiding citizens would have been persuaded to commit the offense.

(Proposed Final Draft, 1974)

The language recommended in the proposed draft is identical to that which becomes effective July 1, 1977.

Even while requiring proof of probable cause to suspect, the courts in Indiana have directed the second portion of their inquiry to the accused's predisposition to commit the crime with which he is charged. This, coupled with the evidence of the legislative choice of the subjective approach, leads us to adopt the view of the majority in *Sorrells, supra,* and *Sherman, supra.* (Footnotes omitted.)

*Hardin,* 265 Ind. at 638, 639, 358 N.E.2d at 136. The clear reading of *Hardin* is that entrapment addresses the subjective intent of the defendant. We must determine if the instruction challenged by the defendant does direct the jury to inquire into the subjective predisposition of the defendant.

An instruction identical to the one presently under consideration was rejected by the Second District, Court of Appeals as an incorrect statement of Indiana law, *Harrington v. State,* (1980) Ind.App., 413 N.E.2d 622, transfer denied. The court found "no cases which require an inducement of such nature that a 'normal law-abiding citizen' would have been persuaded to commit the crime." *Id.* at 625. We agree with that finding and conclude the instruction given by the court was not a correct statement of Indiana law. It remains therefore for us to determine if the erroneous instruction is so prejudicial as to warrant reversal. Reversal is required if the jury's verdict might have been based on an erroneous instruction, *Summers v. Weyer,* (1967) 141 Ind.App. 176, 226 N.E.2d 904 or if instructions are inconsistent and could mislead the jury or leave it in doubt as to the law. *Brewer v. State,* (1969) 253 Ind. 154, 252 N.E.2d 429.

State's proposed instruction number 3 could have served as the basis for the conviction. It is the most important instruction on the entrapment defense as it purports to state the law of entrapment. If the jury accepted that instruction at face value they would erroneously have applied an objective standard to defendant's behavior, comparing him to a fictional innocent mind. Nor does the presence of other instructions referring to the intent of the defendant as the criterion for judging entrapment cure the error. Although jury instructions must be read as a whole, an erroneous instruction is not cured by a correct one. *Mundy v. State,* (1966) 247 Ind. 224, 214 N.E.2d 389. At best, we think the conflicting instructions would have left the jury confused as to the status of the law to be applied.

The judgment of the trial court is reversed.

HOFFMAN, P.J., and STATON, J., concur.