Paris Gay JOHNSTON, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 29S00–8706–CR–602.

Supreme Court of Indiana.

Nov. 30, 1988.

Raymond M. Adler, Scott Allen Benkie, Adler & Benkie, Noblesville, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On September 3, 1986, Paris Gay Johnston was found guilty by a jury of Dealing in Cocaine or a Narcotic Drug, a class A felony. On October 3, 1986, he was sentenced to fifty (50) years. He directly appeals raising the following issues:

1. whether the trial court erred in denying Johnston's motion to dismiss even though the State did not produce informant Becky Woodbury for a deposition;

2. whether the trial court erred in admitting testimony of conversations between police and informant Becky Woodbury over Johnston's hearsay objections;

3. whether the trial court erred in refusing a jury instruction on the defense of entrapment; and

4. whether the trial court erred in refusing to grant Johnston's motion to suppress evidence allegedly obtained outside the scope of police authority.

The facts most favorable to the verdict below show that during the Spring of 1980, United States Drug Enforcement Administration Special Agent Tony King and Becky Woodbury, a paid informant, began investigating drug trafficking activity conducted by Appellant Johnston. On June 9, 1980, King arranged with Woodbury and Detective Barbara Schneider of the Indianapolis Police Department to purchase cocaine from Johnston. The next day, King, Woodbury, and Schneider, met to arrange the drug transaction. Woodbury telephoned Johnston at home, asked if the one half ounce was still on for that day and when Johnston said yes, she told him she would be there in one hour. Schneider monitored the telephone conversation and taped it. Then Officer Schneider equipped herself with a body transmitter concealed beneath her clothing, and Special Agent King gave her $1,000.

Schneider and Woodbury went to Johnston's residence with King and his partner following them in another car. When they reached the residence, Schneider and Woodbury went inside while King and his partner waited in the car nearby, monitoring the conversation. Schneider testified at trial that Johnston took a set of keys from a built-in bookshelf in his living room, went to the garage and returned with a plastic bag containing a white powder. Then Johnston went to his bedroom and came back with a smaller bag of white powder rolled up in the shape of a tube. He gave it to Schneider in exchange for $1,000. Robert Krefft, a forensic chemist with the Federal Drug Administration, testified that after performing a series of tests on the powder, he found 5.28 grams of pure cocaine in the sample.

### I

Johnston claims his motion to dismiss should have been granted when the State failed to produce its informant for deposition. However, Woodbury's unavailability for deposition and trial was caused by Johnston when he fled the jurisdiction, failed to appear for trial on another charge, and remained a fugitive for four years. Police lost contact with Woodbury sometime during the years Johnston remained at large. Once Johnston was apprehended, police contacted the phone numbers and addresses of her relatives which they had retained, but were unable to find Woodbury. *See Johnston v. State* (1988), Ind., 517 N.E.2d 397. However, several months before the original trial was scheduled to occur in 1981, Johnston did take Woodbury's deposition. Woodbury's 1981 deposition was available to Johnston to present as evidence. Additionally, Woodbury's testimony was not essential to Johnston's conviction. Johnston was convicted on the testimony of Special Agent King and Officer Schneider giving specific details of the drug transaction. Thus, as Johnston's four-year absence caused Woodbury's unavailability for trial, Woodbury's 1981 deposition was available to Johnston for use at trial, and there was ample evidence from two other witnesses of Johnston's guilt, the trial court did not abuse its discretion in refusing to grant Johnston's motion to dismiss.

### II

Johnston claims the trial court erred in admitting testimony regarding conversa-

tions between investigating officers and informant Woodbury. Johnston claims the statements can only be construed as evidence offered to prove the alleged fact that he was a drug dealer and thus constitutes inadmissible hearsay. The following testimony of Special Agent King, concerning a statement made to him by informant Woodbury was admitted into evidence over Johnston's hearsay objections:

Q. Okay. And what did Ms. Woodbury tell you regards to Mr. Johnston?

A. Basically that Mr. Johnston was involved in drug trafficking activities—

MR. DILLON: Your Honor, I'm going to object; that's hearsay.

MR. PETIT: Your Honor, I believe it's offered for the purpose of the initiating of the investigation, not for the truth of the matter asserted and I have case right on the point if the Court would prefer to—

MR. DILLON: Your Honor, this witness apparently is not going to be here and now we're going to allow statements from her and not even recorded into evidence at this point; I would think it's classic hearsay.

MR. PETIT: Again, Your Honor, it's not offered for the truth, but for why this initiation on Mr. Johnston, this particular defendant was initiated.

JUDGE BARR: At this, on this response, the Court's going to overrule the objection. Ladies and Gentlemen, this evidence is not being received into evidence for the truth of the matter asserted but only as to what was said as the purpose of this person's reliance upon it. In other words, not for its truth, but only the fact that it occurred. And you may continue then with your answer.

Testimony which contains out-of-court statements by third parties but is introduced primarily to explain why a particular course of action was taken is not hearsay because it is not offered as evidence of the truth of the third party's statement. *See Rhoton v. State* (1985), Ind., 486 N.E.2d 495; *Forehand v. State* (1985), Ind., 479 N.E.2d 552. Here, the testimony in which Woodbury told King that Johnston was carrying on drug trafficking activities was not offered to prove that Johnston was a drug dealer. Rather, it was offered to explain how and why the undercover drug transactions involving Woodbury were initiated. Therefore, admission of the testimony was proper.

### III

Johnston claims the trial court erred in refusing to submit an instruction on the affirmative defense of entrapment. The question here is whether there was any foundation in the evidence to support an instruction on entrapment. Johnston did not offer any evidence at trial. When the State has presented evidence of a predisposition to commit the charged crime, and the defendant has not presented any contradictory evidence, an instruction on the defense of entrapment is unnecessary. *Cyrus v. State* (1978), 269 Ind. 461, 464, 381 N.E.2d 472, 474, *cert. denied* 441 U.S. 935, 99 S.Ct. 2058, 60 L.Ed.2d 664. Evidence of events at the time of the drug purchase, as well as circumstantial evidence, may establish predisposition. A defendant's knowledge of prices and sources, possession of large quantities of the narcotic, ability to obtain access to narcotics in a short time, willingness to engage in future transactions, eagerness in the transaction in question and knowledge of slang, are all factors relevant to a defendant's subjective intent to establish predisposition. *Koke v. State* (1986), Ind.App., 498 N.E.2d 1326, 1331, *trans. denied.*

The evidence most favorable to the State demonstrated Johnston was predisposed to engaging in the sale of illegal drugs and was not improperly influenced by the undercover police. That Johnston kept keys hidden in a bookcase and kept the cocaine in the garage permitted an inference that he had knowledge of the operations of the narcotics world, that he was an active participant in it, and that he had an established method of storing and dispensing cocaine. Johnston had the ability to obtain the cocaine in a short time, as evidenced by the speed in which the sale occurred. In addition, Johnston was famil-

iar with the slang and terminology as evidenced by his clear understanding when Woodbury asked him on the telephone if the "one half ounce" was "still on." The evidence fully supported Johnston's predisposition to sell drugs. Therefore, the trial judge did not err in refusing to give the tendered instruction on entrapment.

### IV

 Johnston claims the trial court erred in refusing to grant his motion to suppress evidence obtained by police outside the jurisdiction of the officer involved. Johnston argues that during the investigation, Officer Schneider, who worked for the Indianapolis Police Department in Marion County, exceeded her territorial jurisdiction and authority as a police officer when conducting police activity in Hamilton County. However, the record reflects that Indianapolis Police Officer Schneider was assisting Special Agent King of the United States Drug Enforcement Administration in his investigation of Johnston. Special Agent King testified he was contacted by his informant, Becky Woodbury, with information pertaining to Johnston's drug trafficking activities. Special Agent King then contacted Officer Schneider to obtain assistance with an undercover operation. Officer Schneider was not making an arrest but was merely observing the facts and gathering evidence in an effort to assist Special Agent King. Appellant does not question Special Agent King's authority in enforcing Indiana drug laws throughout the state. Thus, whether Officer Schneider exceeded her jurisdictional authority as a police officer when investigating Johnston's drug activity in Hamilton County makes no difference. Her activity in aiding informant Woodbury in making the cocaine purchase from Johnston did not require she be a police officer any more than it required Woodbury be a police officer. Johnston was arrested pursuant to a warrant issued on the filing of an information by the prosecutor. Schneider was no more than a witness in the cause. The trial court did not err in refusing to grant Johnston's motion to suppress.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without opinion.