Carlos SALINAS, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 41A01–9007–CR–275.

Court of Appeals of Indiana,
First District.

Feb. 19, 1991.

Richard L. Tandy, Wilson, Limeberry & Tandy, Greenwood, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for plaintiff-appellee.

BAKER, Judge.

Defendant-appellant Carlos Salinas appeals his conviction for dealing in cocaine, a Class B felony.[1] The sole issue he raises

1. IND.CODE 35–48–4–1.

on appeal is whether the trial court erred in refusing his tendered instruction on the defense of entrapment. We affirm.

### FACTS

United States Treasury Agent Rapp introduced Officer Robert Dine of the Greenwood Police Department to informants Purtlebaugh and Hignite sometime near Labor Day weekend of 1988. Officer Dine talked to the informants about several people in the Greenwood area, including Salinas.

The informants arranged a meeting between Officer Dine and Salinas on October 28, 1988. The four of them met in the parking lot of a hotel and chatted. Before he left, Salinas told Officer Dine to call him if he (Dine) needed any cocaine.

Approximately three weeks later, Officer Dine telephoned informant Purtlebaugh to arrange a meeting with Salinas. Officer Dine wanted Salinas to sell him ⅛ of an ounce of cocaine, an amount commonly referred to as an "eight ball." Purtlebaugh called Officer Dine back in less than an hour and said Salinas wanted $350.00 for the cocaine. Dine was to drop off the money at Salinas' house and return later for the cocaine.

At approximately 7:30 that night, Officer Dine and Purtlebaugh arrived at Salinas' house with the money. Salinas said his seller was nervous about meeting new people and needed the money up front. Salinas said he would take care of it, and told Dine to return in half an hour. When Dine and Purtlebaugh returned, Salinas said the seller had not yet arrived, and told Dine and Purtlebaugh to leave and return again in 45 minutes.

After Officer Dine and Purtlebaugh left, Salinas also left. He drove away in a car with two other occupants, and stopped at two houses in Edinburgh. At each house, someone got out of the car, went inside, and returned to the car. By the time Salinas and his companions returned to Salinas' house, Purtlebaugh and Officer Dine were waiting for them.

Salinas got out of the car and went to Officer Dine's car. He told Dine and Pur-

tlebaugh that his source had turned out to be unavailable, so he had called a friend instead. The friend had driven him to another source, where he bought the "eight ball." Salinas gave the cocaine to Dine, and Dine asked for assurances of quality because Salinas had been required to go to a different source than usual. Salinas responded that the cocaine was good, but that it contained a "rock". Salinas said Dine could call him the next time Dine wanted to get together.

### DECISION

Salinas argues he was entitled to an instruction on the defense of entrapment under IND.CODE 35-41-3-9.

Our supreme court addressed the issue of entrapment instructions in *Johnston v. State* (1988), Ind., 530 N.E.2d 1179.

> When the State has presented evidence of a predisposition to commit the charged crime, and the defendant has not presented any contradictory evidence, an instruction on the defense of entrapment is unnecessary. *Cyrus v. State* (1978), 269 Ind. 461, 464, 381 N.E.2d 472, 474, *cert. denied* 441 U.S. 935, 99 S.Ct. 2058, 60 L.Ed.2d 664. Evidence of events at the time of the drug purchase, as well as circumstantial evidence, may establish predisposition. A defendant's knowledge of prices and sources, possession of large quantities of the narcotic, ability to obtain access to narcotics in a short time, willingness to engage in future transactions, eagerness in the transaction in question and knowledge of slang, are all factors relevant to a defendant's subjective intent to establish predisposition.

*Id.* at 1181 (citation omitted).

Here, the evidence most favorable to the State reveals Salinas exhibited most of the factors showing predisposition to deal drugs. Salinas demonstrated knowledge of prices and slang terms such as "eight ball" and "rock"; he was quickly able to procure the cocaine from an alternate source when his intended supplier failed to appear; he was eager to complete the transaction with Dine; and, he suggested his availability for future transactions. At the same time,

there was no contradictory evidence to show the absence of Salinas' predisposition to commit the crime.

The State relies heavily on *Johnston* and implies that without defense evidence showing lack of predisposition to commit the crime, the entrapment defense has not been raised. This takes the case law too far. The defense is raised when the defendant affirmatively asserts it with a showing of police involvement in criminal activity. *Fearrin v. State* (1990), Ind.App., 551 N.E.2d 472. *See also Kats v. State* (1990), Ind.App., 559 N.E.2d 348. In turn, Salinas argues too far in the other direction. He contends that once the defense is raised, the defendant is entitled to an instruction. As *Johnston* makes clear, however, entitlement to an instruction arises, not upon the simple assertion of the defense, but rather when the defendant presents evidence showing lack of predisposition.[2]

Here, assuming Salinas raised the defense,[3] he was nonetheless not entitled to an entrapment instruction because he did not present any evidence showing lack of predisposition. *Johnston, supra.*

In addition to the holding in *Johnston*, Salinas confronts the general rule that it is not error to refuse to give an instruction which is not supported by the evidence. *Orr v. State* (1984), Ind.App., 472 N.E.2d 627, 636, *trans. denied.* The State produced overwhelming evidence of Salinas' predisposition to sell drugs. The only other evidence conceptually related to entrapment was evidence of the police involvement which gave Salinas the chance to commit the crime. Police activity which merely provides a defendant with the opportunity to commit an offense is not entrapment. *Drollinger v. State* (1980), 274 Ind. 99, 409 N.E.2d 1084; IND.CODE 35–41–3–9(b).[4] There being no evidence of en-

trapment, there was no error in refusing to give the tendered entrapment instruction.

The trial court is affirmed.

RATLIFF, C.J., and BUCHANAN, J., concur.

---

**2.** This specific holding simply parallels the terms of the entrapment statute. Under IND. CODE 35–41–3–9, a successful entrapment defense requires first, a showing of police activity and, second, a lack of predisposition.

**3.** Salinas argues he raised the defense during cross-examination of the State's witnesses. This is a sufficient affirmative step to raise the defense. *Fearrin, supra,* at 473.

**4.** As the United States Seventh Circuit Court of Appeals succinctly stated, "the most important factor is whether the defendant evidenced a reluctance to engage in criminal activity which was overcome by repeated government inducement." *United States v. Kaminski* (7th Cir. 1983), 703 F.2d 1004, 1008 (citation omitted).