**Jake TAYLOR, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 18A02–9307–CR–369.

Court of Appeals of Indiana, Fifth District.

Jan. 31, 1994.

Lon D. Bryan, Muncie, for appellant-defendant.

Pamela Carter, Atty. Gen. of Indiana and Lisa M. Paunicka, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

Appellant–Defendant Jake Taylor appeals his conviction for dealing in cocaine, a Class B felony. He raises one issue for our review: whether the trial court committed reversible error by refusing to give Taylor's tendered jury instruction on the defense of entrapment.

We reverse.

The facts reveal that Taylor had been acting as a confidential informant for the Delaware County Muncie Drug Task Force ("task force"). When task force officers heard reports that Taylor was selling cocaine, they decided to arrange a controlled buy from him. On January 9, 1992, an informant working with undercover police officer, Jess E. Neal, approached Taylor while Officer

Neal waited in an unmarked car. The informant told Taylor that Neal wanted to buy a "fifty" of cocaine. Taylor pulled a brown pill bottle from his pocket, opened it, and sprinkled into his hand what appeared to be white rocks. He then handed several of those rocks to the informant. The informant went back to the car and handed the rocks to Neal. After a brief discussion with the Officer, the informant exited the car and informed Taylor that the rocks were too small for the price. Taylor again pulled out the pill bottle and sprinkled larger rocks into the informant's hand. Neal and the informant accepted the rocks and paid Taylor Fifty Dollars for them. The rocks were transported to the task force office where a field test revealed the presence of cocaine.

Taylor was subsequently arrested and charged with dealing in cocaine, a Class B felony. After a trial by jury he was convicted as charged. The trial court sentenced Taylor to seven years' imprisonment. This appeal ensued in due course.

■■■ According to Taylor, the trial court erred by refusing his tendered final jury instruction on entrapment. His argument is two-pronged: (1) the evidence introduced at trial clearly demonstrated the level of law enforcement "inducement" or "persuasion" necessary to raise the defense, and (2) his testimony tended to disprove his predisposition to commit the offense. The State counters that based on the evidence presented, there was no real question of entrapment before the jury and, therefore, the trial court properly refused Taylor's tendered instruction. The State also contends that Taylor presented no contradictory evidence of predisposition and thus an instruction on entrapment was unnecessary.

■ We first observe that the entrapment defense is raised when the defendant affirmatively asserts it with a showing of police involvement in criminal activity. *Salinas v. State* (1991), Ind.App., 566 N.E.2d 1058. In the case before us there is no question of Officer Neal's involvement in the drug buy that resulted in Taylor's arrest and conviction. He secured the informant involved in the transaction and indeed refused to accept the first drugs because they were too small

for the price. Therefore, the entrapment defense was sufficiently raised.

■ Citing *Johnston v. State* (1988), Ind., 530 N.E.2d 1179, the State argues that where evidence of a predisposition to commit the charged crime has been presented and the defendant has not presented any contradictory evidence, an instruction on the defense of entrapment is unnecessary. Evidence of events at the time of the drug purchase, as well as circumstantial evidence, may establish predisposition. *Id.* A defendant's knowledge of prices and sources, possession of large quantities of the narcotic, ability to obtain access to narcotics in a short time, willingness to engage in future transactions, eagerness in the transaction in question and knowledge of slang are all factors relevant to a defendant's subjective intent to establish predisposition. *Id.*

The State points out the evidence in this case reveals that as an admitted user, Taylor was knowledgeable about drug terminology. At trial, he used terms such as "rocks" (pellets of cocaine), "rockhouse" (an establishment where cocaine can be bought), and a "ten dollar piece" (cocaine worth ten dollars). He also demonstrated knowledge about the make-up of the drug community, and more importantly, how to obtain cocaine, and from whom it could be obtained. He knew that specific targets of the task force were from Detroit and Ohio and that in order to gain access to a "rockhouse" he needed money. It was this knowledge and the fact that he could supply the task force with a list of specific names of persons dealing in cocaine which originally convinced the task force to allow Taylor to become a confidential informant. The State is correct. However, our analyses does not end here. While this evidence is certainly sufficient to demonstrate that Taylor was predisposed to commit dealing in cocaine, it does not answer the question of whether Taylor was entitled to an instruction on entrapment.

In *Johnston*, the defendant presented no evidence showing lack of predisposition and thus was not entitled to an instruction on entrapment. Here, however, Taylor presented some evidence on the issue although the

evidence was not overwhelming. Taylor took the stand in his own defense and testified that he was under a great deal of pressure to identify narcotics dealers. His testimony also suggested that in order to gain credibility among other drug dealers and thereby "set up" drug buys for the task force, Taylor would have to engage in drug selling activity. The following colloquy is instructive:

Q. Why did you tell him that?

A. Because, if I'm out there, and some of the guys they wanted me to get, the guys they wanted me to get were from out of town. We're talking Detroit and Ohio. The guys that they wanted me to get was that I had to let them see me selling drugs in order to buy drugs. If you're not out there, you know, the simple fact is, if they don't see you doing things to establish yourself out there in the drug gang, you're not going to get anywhere. That's a simple fact.

Q. Did he [Officer Craig] tell you to do what you had to do to set these drug buys up?

A. Yes, he did. We discussed it. He said, I'm not going to tell you to sell drugs, he said, but do what you've got to do to set these deals up.

Q. How did you take that comment from Officer Craig?

A. I took it that anyway I could set up a deal I could set up a deal. I just took it that way. Because like, there again, I'm under pressure, you know. I'm under pressure for the simple fact that I don't know how people are going to react to me at one time, getting into them, and then, you know, you're getting into a dangerous situation man.

Record at 291–92. The State reluctantly acknowledges that the foregoing testimony "could have warranted an instruction on entrapment." Brief of Appellee at 7. We hold, however, the foregoing testimony provided some evidence negating predisposition and therefore an instruction on entrapment was clearly warranted.

■ It is well settled that the decision to give or deny a tendered jury instruction is largely left to the sound discretion of the trial court. We review the trial court's deci-

sion only for abuse of that discretion. Davis v. State (1988), Ind.App., 529 N.E.2d 112. However, the trial judge has a duty to state to the jury "all matters of law which are necessary for their information in giving their verdict." Ind.Code § 35-37-2-2(5). Further, as a general rule a defendant in a criminal case is entitled to have the jury instructed on any theory of defense which has some foundation in the evidence. Lockridge v. State (1977), 172 Ind.App. 141, 359 N.E.2d 589, trans. denied. This rule applies even if the evidence is weak and inconsistent. Harrington v. State (1980), Ind.App., 413 N.E.2d 622, trans. denied.

■ In determining whether the refusal to give an instruction was correct we consider: 1) whether the tendered instruction is a correct statement of the law, 2) whether there is evidence to support the giving of the instruction, and 3) whether the substance of the tendered instruction is covered by other instructions. Davis, 529 N.E.2d at 116. Here, the proposed instruction reads as follows:

The defense of entrapment is defined by law as follows:

It is a defense that the prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persuasion or other means like [sic] to cause the person to engage in the conduct and the person was not predisposed to commit the offense.

Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment.

The State has the burden of disproving this defense beyond a reasonable doubt.

Record at 100. This instruction very closely tracks the statute on entrapment. See Ind. Code § 35-41-3-9. Thus, it represents a correct statement of the law. As we have already discussed, there is evidence in the record to support the giving of the instruction. Further, the record reveals the substance of the tendered instruction was not covered by other instructions. Whether entrapment occurred in this case is a question of fact to be determined by the jury. It was the jury's duty to decide if Taylor's evidence

was believable, unbelievable, or sufficient to support his defense. However, the jury had no instruction on which it could make an informed decision.

The trial court erred in not instructing the jury on the issue of entrapment and, therefore, Taylor's conviction must be reversed. However, because the evidence in this case was sufficient to sustain the conviction, the State is not prohibited from retrying Taylor.

Judgment reversed.

STATON, J., concurs.

HOFFMAN, J., dissents with separate opinion.

HOFFMAN, Judge.

I respectfully dissent. Relying on the colloquy set forth in the majority opinion, the majority holds that an instruction on the defense of entrapment was warranted because Taylor's testimony provided some evidence negating his predisposition to sell cocaine. I disagree.

Indiana has a bifurcated entrapment procedure. *Hardy v. State* (1982), Ind.App., 442 N.E.2d 378, 381. Evidence must first be presented showing the illegal conduct was instigated by government agents. *Id.* Once this becomes apparent, the State then has the burden of proving beyond a reasonable doubt the defendant had a prior disposition to commit the illegal act. *Id.* If the defendant presents any evidence which contradicts the State's showing, then an instruction on entrapment is warranted. However, when the defendant does not present any evidence contradicting the State's showing, an instruction on the affirmative defense of entrapment is unnecessary. *Johnston v. State* (1988), Ind., 530 N.E.2d 1179, 1181. More specifically, entitlement to an instruction on entrapment arises not upon the simple assertion of the defense, but rather when the defendant presents evidence showing a lack of predisposition. *Salinas v. State* (1991), Ind.App., 566 N.E.2d 1058, 1060.

Here, the majority acknowledges that the State presented sufficient evidence that Taylor was predisposed to deal in cocaine. Having done so, in order to warrant an instruc-

tion on entrapment, Taylor necessarily had to provide some evidence which contradicted the State's showing.

Taylor did not do this. On the contrary, the evidence most favorable to the State discloses that during his direct examination, Taylor admitted to having sold cocaine on at least one prior occasion. Thus, we are not faced here with a situation in which a defendant offers rebuttal evidence to show that he was a normal law-abiding citizen with no predisposition to sell cocaine. Rather Taylor himself, by his own admissions at trial, closed the issue by establishing as a matter of law that he was predisposed to sell cocaine. He was not merely an innocent victim of government inducement. This concession in place, the question of whether he felt additional pressure from the authorities to sell cocaine on the incident in issue became irrelevant in the analysis.

Indiana adheres to a subjective rather than an objective approach to entrapment. The subjective standard centers upon the predisposition of the accused to commit the charged crime whereas the objective approach places its focus on the quality of the governmental acts. *See Hardin v. State* (1976), 265 Ind. 635, 358 N.E.2d 134, 136; *Hardy*, 442 N.E.2d at 380–381.

The colloquy relied on by the majority does not serve to contradict Taylor's predisposition. Rather, it goes to show, at best, that even though admittedly predisposed, he felt additional pressure by the authorities to deal in cocaine on the incident in question. "It is only when the government's deception actually implants the criminal design in the mind of the defendant that the defense of entrapment comes into play." *U.S. v. Russell* (1973) 411 U.S. 423, 436, 93 S.Ct. 1637, 1645, 36 L.Ed.2d 366, 376. In *Russell,* the Supreme Court found that respondent's concession in the Court of Appeals that the evidence supported his predisposition to engage in illegal drug manufacturing was fatal to his claim of entrapment. *Id.* Also, because he was an active participant in an illegal drug manufacturing enterprise which began before the government appeared on the scene and continued after the government left the scene, the *Russell* court found

that respondent was not an "unwary innocent" which the defense of entrapment was created to protect. On the contrary, he was an "unwary criminal" which the law of entrapment did not apply. *Id.* Such is the case here.

Although a correct statement of the law on entrapment, Taylor's proposed instruction would have improperly forced the jury to conclude that although predisposed to sell cocaine in the past, this predisposition was somehow negated by the amount of pressure placed on Taylor during the incident in question. Such a case would amount to an objective approach to entrapment, a stance which Indiana does not take. Not only did Taylor fail to offer any evidence to contradict the State's showing of predisposition, but his own testimony admitting the prior sale of cocaine closed the issue of entrapment for him. An instruction on entrapment was unnecessary. Because the trial court did not err in refusing to allow Taylor's instruction, I would vote to affirm Taylor's conviction.