53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Carlos SALINAS, Petitioner-Appellant
v.
STATE OF INDIANA, Respondent-Appellee.
 No. 94-2194.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided May 1, 1995.
 
 Before PELL, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Carlos Salinas, a state prisoner appearing pro se, appeals from the denial of his petition for a writ of habeas corpus, 28 U.S.C. Sec. 2254, alleging that he was denied the right to confront and cross-examine his accusers, that he was denied the right to an impartial jury, and that both his trial and appellate counsel were ineffective. For the reasons set forth below, we affirm.
 
 
 2
 Salinas was convicted by a jury in an Indiana state court for distribution of cocaine and was sentenced to a sixteen year term of imprisonment. Represented by counsel, Salinas filed an appeal with the Court of Appeals of Indiana, which affirmed the conviction in Salinas v. State, 566 N.E.2d 1058 (Ind.Ct.App.1991). No transfer was sought to the Indiana Supreme Court. After the unsuccessful appeal, Salinas filed a pro se petition for modification of sentence with the Indiana Superior Court which was denied on October 9, 1991. On November 20, 1991, Salinas filed a pro se petition for post-conviction relief with the Indiana Superior Court. Salinas' petition was referred to the Indiana Public Defender's Office and Addie D. Hailstorks, a deputy state public defender, was appointed to represent Salinas regarding his post-conviction petition. Hailstorks filed her appearance on January 23, 1992. On December 9, 1991, in a separate proceeding, Salinas (represented by appellate counsel) filed a second motion for modification which was granted on January 14, 1992. A modification hearing was then scheduled for April 27, 1992. After the hearing, the trial court suspended two years of Salinas' sixteen year sentence.
 
 
 3
 On August 18, 1992, Hailstorks withdrew as counsel for Salinas (she had left the public defender's office) and another deputy public defender, Cynthia Russell, entered her appearance in the post-conviction proceeding on behalf of Salinas. Russell informed Salinas that because of her heavy caseload, there might be some delay in her review of Salinas' post-conviction petition. As a result of Russell's failure to proceed with his post-conviction petition, on June 17, 1993, Salinas filed a pro se motion to compel Russell to litigate the petition and schedule a hearing. On June 24, 1993, Russell informed Salinas that she would withdraw as counsel if he wished. Salinas wrote back, stating that he did not wish to waive his "right to counsel." Russell did not withdraw and Salinas' motion to compel was denied on July 14, 1993. On August 2, 1993, Salinas sought an interlocutory appeal from the trial court's denial of his motion to compel Russell's performance. The Indiana appellate court denied certification of the appeal. Finally, on September 28, 1993, Salinas filed a pro se petition for habeas corpus relief under 28 U.S.C. Sec. 2254 in the United States District Court for the Northern District of Indiana. The district court denied the petition holding that since Salinas' state post-conviction petition was still pending, he had not exhausted his state remedies and, therefore, his request for relief under Sec. 2254 was premature. This timely appeal follows.
 
 
 4
 Ordinarily, all available state remedies must be exhausted before a prisoner is entitled to federal habeas corpus relief. Rose v. Lundy, 455 U.S. 509, 515 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); Jones v. Washington, 15 F.3d 671, 674 (7th Cir.), cert. denied, 114 S.Ct. 2753 (1994); Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir.1988), cert. denied, Henderson v. Greer, 490 U.S. 1009 (1989); Varnell v. Young, 839 F.2d 1245, 1247 (7th Cir.1988). Although Salinas' post-conviction petition is still pending, he complains of an inordinate delay in having his petition decided--other than answers filed by the State of Indiana on January 16, 1993 and July 1, 1993, no action has been taken on Salinas' state post-conviction petition for over two years. Indeed, if an inordinate and unjustifiable state court delay is demonstrated, available state remedies may be deemed exhausted thereby permitting the district court to proceed with the merits of the habeas corpus petition. Jenkins v. Gramley, 8 F.3d 505, 508 (7th Cir.1993); Lane v. Richards, 957 F.2d 363, 365 (7th Cir.), cert. denied, 113 S.Ct. 127 (1992); Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir.1981).
 
 
 5
 However, since there is no right to post-conviction counsel, where the delay is caused by deficiencies in post-conviction representation, the court will not deem state remedies exhausted--the prisoner can request counsel to withdraw and proceed pro se. Jenkins, 8 F.3d at 508; Lane, 957 F.2d at 365. Salinas admits that the delay in proceeding with his state post-conviction petition was caused by his court appointed counsel and not the Indiana Superior Court.[1] Appellant's Brief at 2 ("Petitioner contends his efforts to exhaust state law remedies have been diligent and in good faith; however[,] his efforts have been blocked by [the] Public Defender to move forward with his Post-Conviction Relief Petition at the state level."). Salinas could have avoided this delay by requesting his counsel to withdraw and proceed with his state post-conviction petition pro se, but he did not. Of course, we do not condone the deputy public defender's delay and, if Salinas decides to remain with his court-appointed counsel, we urge counsel to act on his post-conviction petition promptly. Nonethless, since the delay caused by post-conviction counsel does not excuse exhaustion of his available state court remedies, Lane, 957 F.2d at 365, judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 This is also reflected in the record. Salinas' first post-conviction counsel withdrew early on; new post-conviction counsel, Russell, was subsequently appointed to represent counsel. Russell made clear to Salinas that she was not going to "act" on his post-conviction petition for some time. Indeed, counsel did nothing but enter her appearance in the action. There is nothing indicating that the Indiana Superior Court contributed in any way to the delay suffered by Salinas