**Connie SPIRES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 47A04–9512–CR–489.

Court of Appeals of Indiana.

Sept. 12, 1996.

David J. Colman, Colman Law Offices, Bloomington, for Appellant.

Pamela Carter, Attorney General, Carol A. Nemeth, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF CASE

Connie Spires appeals his convictions by a jury for dealing in a schedule II controlled substance, a class B felony, and dealing in marijuana greater than thirty (30) grams, a class D felony.

We affirm.

### ISSUES

1. Whether the trial court committed reversible error by admitting evidence of Spires' prior uncharged criminal conduct.

2. Whether the trial court erred in refusing Spires' requested limiting instruction.

### FACTS

On May 21, 1992, Greg Mesarosh took Jeffrey Buskirk, an undercover officer of the Martinsville Police Department, and Lisa Woolbright, a confidential informant, to Spires' home. Once inside, Buskirk told Spires that he was interested in purchasing some "pot or powder." Spires told Buskirk that he only had an ounce of pot left and he would sell a quarter ounce for $50.00. Buskirk gave Spires $100.00 in exchange for two quarter ounce bags of marijuana. Spires then took out a small bag of powder, sprinkled out a small amount onto a mirror, cut it into several lines with a razor blade, and offered Mesarosh a line. Mesarosh snorted a line using the $100.00 bill Buskirk gave Spires for the marijuana as a straw. Spires also offered a line to Buskirk and Woolbright, but they refused. Buskirk asked Spires if he could get some of the powder. Spires told Buskirk that it would take an hour and would cost $250.00 for an "eight ball". Buskirk then left Spires' home with Woolbright and Mesarosh. Approximately one hour later, Buskirk returned to Spires' home. Spires sold Buskirk two small bags of methamphetamine for $250.00. On June 5, 1992, Buskirk again went to Spires' home. Spires sold him two ounces of marijuana.

The State charged Spires with dealing in a schedule II controlled substance and dealing

in marijuana greater than thirty grams. The information alleged that on May 21, 1992, Spires dealt methamphetamine and on June 5, 1992, he dealt two ounces of marijuana. Prior to trial, Spires filed a request for disclosure of evidence of other crimes, wrongs or acts under Indiana Rule of Evidence 404(b). The State responded that it intended to introduce testimony that Spires had sold marijuana to Buskirk on May 21, 1992, the same day Spires had sold methamphetamine to him. At trial, Spires objected to the State's notice of intention to use this uncharged criminal act. After hearing arguments from both parties, the trial court admitted the evidence of the May 21 marijuana sale. Spires renewed his objection upon the State's presentation of the evidence. The trial court overruled his objection and also refused his tendered limiting instruction. (R. 303, 309). The jury found Spires guilty as charged.

## DISCUSSION AND DECISION

### I

Spires first argues the trial court committed reversible error by admitting evidence of Spires' prior uncharged criminal conduct.

■ A trial court's decision regarding the admission of evidence will be accorded a great deal of deference on appeal. *Tynes v. State,* 650 N.E.2d 685, 687 (Ind.1995). The decision whether to admit evidence will not be reversed absent a showing of manifest abuse of the trial court's discretion resulting in denial of a fair trial. *Minnick v. State,* 544 N.E.2d 471, 477 (Ind.1989), *reh'g denied.*

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith, it may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowl-

edge, identity, or absence of mistake or accident.

Evid.R. 404(b).

The State contends that the evidence of the uncharged marijuana sale was admissible under the "common scheme or plan" exception to the general rule. In the past, our supreme court permitted the admission of evidence of prior crimes under the 'common scheme or plan' rule of our common law of evidence. *Lay v. State,* 659 N.E.2d 1005, 1009 (Ind.1995), *reh'g denied.* The 'common scheme or plan' exception required that the uncharged crime be tangibly connected to the one for which the defendant was on trial. *Id.* However, our promulgation of Evid.R. 404(b) is not a mere continuation of that common law caselaw.[1] *Id.* at 1015 (Shepard, C.J., dissent, "announc[ing] the applicable rule of law" on this matter). Instead of the old 'common scheme or plan' rule, our law now admits evidence of 'plan' alone. *Id.* It is a narrower exception than our old rule, which tended to degenerate into an all-purpose excuse for admitting pretty much any old prior misconduct. *Id.*

■ We find the evidence of the prior uncharged marijuana sale was admissible under this narrower exception. When he sold marijuana to Buskirk on May 21, Spires also showed Buskirk that he had the powder, and offered Mesarosh and Buskirk a line. (R.314). Buskirk then asked Spires if he could get some of the powder. Spires told Buskirk that he could obtain some in about an hour. (R. 318). When Buskirk returned to Spires' home about one hour later, Spires sold Buskirk methamphetamine. (R. 321). The uncharged marijuana sale and the methamphetamine sale were tangibly connected in that they involved the same parties, took place at the same location, and were closely related in time. We do not think the one-hour-old marijuana sale would be too "old" to be admissible under this narrower exception.

---

1. At the beginning of his dissent to the majority opinion in *Lay,* Chief Justice Shepard recognizes:

 Today's decision represents one of those rare moments when the lead opinion announces the result but the concurrence and the dissent announce the applicable rule of law. A majority

 affirms the conviction and a different majority declares that 'common scheme or plan' has not survived adoption of the Indiana Rules of Evidence.

 Accordingly, our analysis of this matter is taken from the analysis announced in the *Lay* dissent.

 The paradigm of inadmissible evidence under Evid.R. 404(b) is a crime committed on another day in another place, evidence whose only apparent purpose is to prove the defendant is a person who commits crimes. *Swanson v. State*, 666 N.E.2d 397, 398 (Ind.1996), *reh'g denied.* By contrast, the evidence at issue in this case was not of that nature. Therefore, the trial court did not err in admitting the evidence under Evid.R. 404(b).

Spires also contends the trial court failed to balance the probative value of the evidence against the prejudicial effect it would have against Spires pursuant to Ind.Evidence Rule 403. He argues the prior uncharged crime is similar to those charged; thus, the mere cumulative effect of another crime might unfairly sway a jury toward a guilty verdict.

 Evidence, even if otherwise admissible, is inadmissible if the danger of unfair prejudice to the defendant substantially outweighs the probative value of the evidence. *Levi v. State*, 627 N.E.2d 1345, 1348 (Ind.Ct. App.1994), *trans. denied.*

 However, here, the probative value of the evidence of the uncharged marijuana sale is not substantially outweighed by the danger of unfair prejudice. Spires was charged with dealing in methamphetamine on May 21 and dealing in marijuana in an amount greater than thirty grams on June 5. The record clearly reveals that Spires sold methamphetamine on May 21 and sold two ounces of marijuana on June 5. Consequently, the jury could find Spires guilty as charged with or without the evidence of the prior uncharged crime. We do not find Spires was unfairly prejudiced by admitting the evidence of the prior uncharged marijuana sale.

 Further, even if improper, the admission of evidence is harmless error when the conviction is supported by such substantial independent evidence of guilt as to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction. *Levi*, at 1348. In light of the independent evidence of Spires' guilt, we are satisfied there was no substantial likelihood that the evidence of the uncharged crime contributed to the jury's verdict. Therefore, the trial court did not commit reversible error by admitting evidence of Spires' prior uncharged criminal conduct.

## II

 Spires next contends that the trial court erred in refusing his limiting jury instruction. It is well settled that the decision to give or deny a tendered jury instruction is largely left to the sound discretion of the trial court. *Taylor v. State*, 629 N.E.2d 852, 855 (Ind.Ct.App.1994). We review the trial court's decision only for an abuse of that discretion. *Id.* In determining whether the refusal to give an instruction was correct we consider: 1) whether the tendered instruction is a correct statement of the law, 2) whether there is evidence to support the giving of the instruction, and 3) whether the substance of the tendered instruction is covered by other instructions. *Id.*

Spires' tendered the following instruction, which the trial court refused as being confusing to the jurors because it did not convey what use the jurors could make of the evidence (R. 305 and 309):

> Evidence of the sale of marijuana on May 21, 1992 cannot be used by the jury as evidence of the defendant's guilt or innocence as to the alleged sale of methamphetamine on the May 21, 1992, or the alleged sale of marijuana on June 5, 1992.

(R. 310).

 The State acknowledges that the evidence in the record would support the giving of a correct limiting instruction regarding the proper use of the evidence of the uncharged marijuana sale if the substance of the tendered instruction was not covered by other instructions. (Appellee's Brief p. 7). When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and admonish the jury accordingly. Ind.Evidence Rule 105. It is error to refuse a tendered instruction if there is evidence in the record to support the theory set forth in the instruc-

tion. *K Mart Corp. v. Beall,* 620 N.E.2d 700, 703 (Ind.Ct.App.1993), *reh'g denied.*

However, not every trial error compels reversal. *Levi,* at 1348. In determining whether the refusal warrants reversal, we must assess whether the appellant was prejudiced by the court's failure to give the tendered instruction. *K Mart,* at 703.

As we noted above, Spires was charged with dealing in methamphetamine on May 21 and dealing in marijuana in an amount greater than thirty grams on June 5. The testimony of two witnesses, including a defense witness, clearly indicates that Spires sold methamphetamine on May 21. Furthermore, one witness testified that Spires sold two ounces of marijuana on June 5. In light of the independent evidence of Spires' guilt, we are satisfied there was no substantial likelihood that the evidence of the uncharged crime on May 21 contributed to the jury's verdict. Thus, we cannot say that Spires was prejudiced by the trial court's refusal to give the tendered instruction. Therefore, the refusal, even if erroneous, does not constitute reversible error.

Affirmed.

ROBERTSON, J., concurs.

CHEZEM, J., concurs in result.