**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 17 2012, 8:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEFF SHOULDERS**
Law Offices of Steven K. Deig, LLC
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TYRONE TAPP, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A05-1106-CR-275 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Carl A. Heldt, Judge
The Honorable Kelli E. Fink, Magistrate
Cause No. 82C01-1004-FB-432

**January 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Tyrone Tapp appeals his conviction as an habitual offender. Tapp raises one issue, which we revise and restate as whether the trial court's denial of his motion to dismiss the habitual offender allegation constitutes reversible error. We affirm.

The relevant facts follow. On April 6, 2010, the State charged Tapp with robbery resulting in bodily injury as a class B felony, three counts of resisting law enforcement as class D felonies, and criminal recklessness as a class A misdemeanor. On June 24, 2010, the State filed an information alleging that Tapp was an habitual offender, and the court scheduled a hearing for July 12, 2010 to advise Tapp of the habitual offender allegation. Tapp was present in court for the July 12, 2010 hearing, but his counsel did not appear and the court noted that it was "not going to do anything without [Tapp's] attorney being present" and that the next scheduled court date was July 23, 2010.[1] Transcript at 309. On April 25, 2011, the first day of Tapp's jury trial, the State dismissed one of the counts of resisting law enforcement as a class D felony.

On April 26, 2011, the second day of trial, Tapp's counsel stated that "Tapp ha[d] not been arraigned on the Habitual Offender charge filed against him in this Court," that it "was my contention that he was never informed by the Judge of the Habitual Offender Enhancement," and that "as a consequence, it should be dismissed." Id. at 256.

Tapp's counsel was placed under oath and made a statement regarding his knowledge of the habitual offender allegation and his recollection of his communications with Tapp. During his testimony, Tapp's counsel indicated that a copy of the habitual offender charge was served on him in June 2010 and that he had it since that time.

---

[1] The record does not include a transcript of the July 23, 2010 proceedings.

Tapp's counsel testified that Tapp "had a copy of the docket probably dated in December 2010 from the inception of the case . . . ." Id. at 279. Tapp's counsel testified that he did not know whether he had given an habitual offender form or the habitual offender charge to Tapp. When asked if he had informed Tapp that the habitual offender charge had been filed, Tapp's counsel testified: "I think so, but I'm not certain." Id. at 280. Tapp's counsel indicated that Tapp was present when the State obtained an order from the court that Tapp provide fingerprints for use in the habitual offender phase and that Tapp was on notice, at that time, that there was an habitual offender charge filed against him. In ruling on Tapp's motion to dismiss, the trial court noted that the habitual offender count was filed in open court on June 24, 2010; that Tapp's counsel had a copy of the count shortly after it was filed; that according to the docket Tapp had requested copies of the docket mailed to him and that copies had been mailed on July 14, 2010, February 7, 2011, and April 13, 2011; and that an habitual offender count had been previously filed against Tapp under another cause number. The court denied Tapp's motion and read the habitual offender allegation to Tapp.

The jury found Tapp guilty of robbery resulting in bodily injury as a class B felony, two counts of resisting law enforcement as class D felonies, and criminal recklessness as a class A misdemeanor, and the jury found that Tapp is an habitual offender. The court sentenced Tapp to fifteen years for his conviction for robbery as a class B felony, which was enhanced by twenty-five years due to the habitual offender finding, six years for each of his convictions for resisting law enforcement as class D felonies, and one year for his conviction for criminal recklessness as a class A

3

misdemeanor, with all sentences to be served concurrently with each other. Accordingly, Tapp was sentenced to an aggregate term of forty years.

The sole issue is whether the trial court's denial of Tapp's motion to dismiss the habitual offender allegation constitutes reversible error. Tapp maintains that he was not advised of the habitual offender charge filed against him on June 24, 2010, that he "was prejudiced in that he would have sought a plea agreement and pled guilty had he known of the habitual offender charge," and that his "conviction as a habitual offender should be reversed." Appellant's Brief at 3. The State argues that Tapp was not prejudiced by the trial court's failure to formally advise him of the habitual offender allegation until shortly before the second phase of trial. In support of its argument, the State argues that Tapp's counsel was fully aware of the charge and was fully prepared to defend against the allegation, that Tapp had actual knowledge of the charge five days prior to the start of trial, and that Tapp did not claim he was unaware of the meaning or consequences of the charge. The State also argues that Tapp's "bare assertion that he would have pled guilty had he been advised of the charge earlier is insufficient to show prejudice" and that Tapp never expressed a desire to plead guilty prior to trial or made an attempt in the five days remaining before trial to negotiate a plea agreement. Appellee's Brief at 5.

We review a trial court's denial of a motion to dismiss for an abuse of discretion. Ingram v. State, 760 N.E.2d 615, 618 (Ind. Ct. App. 2001) (citing Sivels v. State, 741 N.E.2d 1197, 1202 (Ind. 2001); Johnston v. State, 530 N.E.2d 1179, 1180 (Ind. 1988)), trans. denied. In reviewing a trial court's decision for an abuse of discretion, we reverse only where the decision is clearly against the logic and effect of the facts and

4

circumstances before the court. Id. (citing Joyner v. State, 678 N.E.2d 386, 390 (Ind. 1997), reh'g denied).

An habitual offender charge is subject to the same procedural safeguards as any criminal offense. Lampkins v. State, 682 N.E.2d 1268, 1273 (Ind. 1997), modified on reh'g on other grounds, 685 N.E.2d 698. At an arraignment the accused is brought before the court, notified of the charges against him, and then asked for his plea, and notification of the charges is usually achieved by reading the information or indictment to the accused. Shelton v. State, 490 N.E.2d 738, 744 (Ind. 1986). However, failure to hold an initial hearing on an habitual offender count is not reversible error unless it results in prejudice. Lampkins, 682 N.E.2d at 1273-1274 (citing Shelton, 490 N.E.2d at 744). "And even though defendant does not have actual knowledge of the habitual offender charge, prejudice is not necessarily the result if defendant's counsel has knowledge of the habitual offender count." Id. at 1274.

Here, the record reveals that the State filed an information alleging that Tapp was an habitual offender on June 24, 2010, and that Tapp's counsel indicated that a copy of the habitual offender charge had been served on Tapp's counsel in June 2010 and that he had it since that time. Tapp's counsel further testified that Tapp "had a copy of the docket probably dated in December 2010 from the inception of the case . . . ." Transcript at 279. Tapp was present at the hearing on April 20, 2011, at which the State obtained an order from the court for Tapp to provide fingerprints for use in the habitual offender phase of the trial, and Tapp's counsel indicated that Tapp was on notice, at that time, of the habitual offender allegation. The chronological case summary (the "CCS") shows

5

that a copy of the CCS was mailed to Tapp at his request on July 14, 2010, and that a copy of the docket sheet was mailed to Tapp at his request on February 7, 2011, and April 13, 2011. Tapp's counsel was prepared to defend and represented Tapp during the habitual offender phase of the proceedings. Tapp does not point to the record to show that he expressed a desire to plead guilty or to negotiate a plea agreement prior to trial or during the time after he became aware of the habitual offender allegation.

Based upon the record, we cannot say that any failure to properly arraign Tapp with respect to the habitual offender allegation resulted in prejudice to Tapp and thus we find no reversible error. See Lampkins, 682 N.E.2d at 1274 (noting that the defendant's counsel knew of the habitual offender charge at least four days before trial and that defendant's counsel represented the defendant's interest at the habitual offender phase of the trial and holding that although the State should have properly arraigned the defendant on the habitual offender charge the failure to do so did not result in prejudice to the defendant and thus the error was harmless); Ashley v. State, 493 N.E.2d 768, 771-772 (Ind. 1986) (finding no prejudice in the lack of an arraignment where the defendant had been aware of the habitual offender charge and had notice of the specific prior convictions).

For the foregoing reasons, we affirm Tapp's habitual offender conviction.

Affirmed.

MAY, J., and CRONE, J., concur.